HOUSE AND LOT NO. 3 ABATTOIR PLACE (UNITED STATES v.). See Case No. 15,166.

## Case No. 6,739.

### HOUSER v. CLAYTON et al.

[3 Woods, 273.] [1]

Circuit Court, E. D. Texas. May Term, 1878.

REMOVAL OF CAUSES — PETITION FOR REMOVAL — AMENDMENT — VERIFICATION — STATEMENT OF DEFENSE IN — ORDER OF REMOVAL.

1. Where, in an action of trespass brought in a state court, the defendant justifies the alleged trespass under the authority of a court and of the laws of the United States, the case is removable to the federal court under section 2 of the act of March 3, 1875 (18 Stat. 470), as a case arising under the constitution or laws of the United States.

[Followed in Ellis v. Norton, 16 Fed. 6. Cited in Bock v. Perkins, 139 U. S. 631, 11 Sup. Ct. 678.]

2. Where such case has been removed to the federal court on the ground that it is one arising under the constitution or laws of the United States, that court will confine the defendant substantially to the ground of defense which he indicated in his petition for removal.

3. Where a petition for the removal of a cause from a state to a federal court, under section 2 of the act of March 3, 1875 [18 Stat. 470], alleged as ground of removal that there was in the suit a controversy between the plaintiff who, when the suit was brought, was an alien, and the defendant, who was a citizen of the state where the suit was brought: Held, that the ground alleged was sufficient, and that

1 [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

the fact that the plaintiff, after the suit was brought, had become a citizen of the United States, did not prevent the removal of the cause.

[Cited in Bruce v. Gibson, 9 Fed. 541; Carrick v. Landman, 20 Fed. 211.]

4. The petition for the removal of a cause from the state to the federal court, may be amended.

[Cited in Deford v. Mehaffy, 13 Fed. 491; Glover v. Shepperd, 15 Fed. 838.]

5. The act of March 3, 1875 [18 Stat. 470], does not require the petition for removal to be verified; it is nevertheless eminently proper that it should be.

6. Said act does not require that the order for the removal of the cause should be made before appearance by defendant.

This was a suit brought in the district court for the county of Galveston by Henry Houser against W. T. Clayton and A. Heidenheimer, to recover damages for an alleged trespass by unlawfully entering the house of the plaintiff in Galveston, searching the same in a rough and violent manner, and terrifying his family. On the 12th day of February, 1878, the defendants filed a petition to remove the cause to the circuit court of the United States for the Eastern district of Texas, which petition was accompanied by a bond as required by law. By leave of the court subsequently given, the petition for removal was amended, and the amended petition was filed on the 16th of March, 1878, and set forth as cause for removal two several grounds. First, the petitioners stated that the defendant Clayton, in committing the alleged trespass, was acting in his official capacity as deputy marshal of the United States for the district aforesaid, in the execution of a warrant issued by the district court of the United States, commanding the marshal to search for and seize any mercantile property of one Samuel Levine, in the house in question, being the common residence of said Levine and the plaintiff, and Levine having been adjudicated a bankrupt by the said district court of the United States at the instance of Heidenheimer and other creditors; and that Heidenheimer was a mere attendant of Clayton, assisting him in making said search. The petition alleged that the said district court of the United States had jurisdiction in the premises under the bankrupt laws of the United States, and that the defendant Clayton, as such officer, was acting under its authority. The petition set forth a copy of all the bankruptcy proceedings, containing amongst other things a copy of the warrant referred to in the petition. As a second and additional ground for the removal of the cause, the petition alleged that the plaintiff, at the time of filing the suit, was an alien, and not a citizen of the United States, but a subject of the emperor of Austria, and that the defendants were citizens of Texas. The petition as amended was duly verified by the oath of the defendants. The court accepted the petition and bond, and made an order for the removal of the cause, and the same was removed accordingly.

T. M. Jack and John T. Harcourt, for plaintiff.

J. Z. H. Scott and A. N. Mills, for defendants.

BRADLEY, Circuit Justice. The plaintiff moves to remand the same on the ground that the causes of removal were insufficient. The plaintiff, in support of the motion to remand, contends that this suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of this court. That the petition for removal was insufficient, presenting no legal ground for removal; that the amended petition was unauthorized by law; that the order for removal was made on a day subsequent to the appearance of the defendants; that the petition and exhibits attached thereto are variant and contradictory; that at the date of the amended petition the plaintiff was a citizen of Texas. It was stated by the plaintiff, in certain exceptions filed in the state court, that he obtained his naturalization as a citizen of the United States after the commencement of the suit, and before the filing of the amended petition.

We think that the motion to remand the cause cannot be granted. In our view, either of the causes of removal set forth in the petition was sufficient.

First. The defendants justify the alleged trespasses under the authority of a court of the United States, and under the laws thereof. This presents a case arising under the laws of the United States, and is within the terms and meaning of the second section of the act of congress approved March 3, 1875, entitled "An act to determine the jurisdiction of circuit courts of the United States," etc. (18 Stat. 470). Such a defense set up in a suit in the state court, and overruled there, would clearly entitle the defendants to carry the case, by writ of error, to the supreme court of the United States, both under the 25th section of the old judiciary act [1 Stat. 85], and under the act of 1867 [14 Stat. 385], passed in lieu thereof. But the only ground on which it could be thus made reviewable by that court, is that it is a case "arising under the constitution or laws of the United States;" and if it is such a case, then it is removable to the circuit court of the United States under the second section of the act of 1875, supra. It may be objected to this view, that it does not appear that the defendants will adhere to the justification set up in their petition for removal, when the cause shall proceed in the circuit court of the United States; that, when there, they may elect to adopt some other defense. But as this would be a fraud upon the court, and upon the course of justice, after having obtained the removal of the cause on that ground, the circuit court will take care that

they shall be held to this defense, and will not permit them to plead any other. Should they attempt to set up another defense, independent of that on which they have obtained a removal, it will be the duty of the court to strike it out, and to confine the defendants to substantially the ground of defense which they have indicated in their petition—not perhaps to the literal statement of it, but to that which is substantially the same.

The second ground of removal, namely, the alienage of the plaintiff and the Texas citizenship of the defendants (which also arises under the second section of the act of 1875), is also sufficiently alleged in the petition. It is true, the petition only alleges that the plaintiff was an alien when he filed his suit in the district court for Galveston county, and does not allege that he still remained an alien at the time of filing the amended petition for removal. But we think the allegation was sufficient. It was lately decided by the supreme court in the case of Insurance Co. v. Pechner, 95 U. S. 183, that, under the judiciary act of 1789, the requisite citizenship for the removal of a cause from a state court to a federal court must exist at the commencement of the suit in the state court. It is true, the court drew its conclusion from the language of the 12th section of the judiciary act, which was, "that if a suit be commenced in any state court by a citizen of the state against a citizen of another state," etc., then the cause might be removed; and the language of the act of 1875 is different, and is not so explicit on this point. But we think that the intent of the act is the same. Its language is, "that any suit of a civil nature at law or in equity, now pending or hereafter brought in any state court, * * * in which there shall be a controversy between citizens of a state and foreign states, citizens or subjects, etc., either party may remove said suit," etc. The description here given of a suit that may be removed embraces a suit in which the parties have the requisite citizenship or alienage at the time of its commencement; and as that was the time fixed by the previous law for ascertaining this condition or status of the parties, it may very properly be construed to be the time intended by the present law for the same purpose. It is convenient to have some fixed and definite time. The commencement of the suit is the most convenient and reasonable time. If a subsequent time were fixed, it would involve a necessary shifting and changing of jurisdiction. We shall adhere to the old rule as within the intendment of the present law until some other rule shall be adopted by the superior court.

The formal objections to the removal of the cause are not tenable. There is no good reason why a defendant should not be allowed to amend his petition, if by inadvertence it is imperfect as first presented. It is contended that it cannot be amended in so important a matter as that of being verified by affidavit, where the original petition is not so verified; in other words, that the original must be considered as no petition. We do not perceive why this result should follow. The statute does not require a verification, though it is eminently proper that the petition should be verified.

It is said that the order of removal was made on a day subsequent to the appearance of the defendants. The act of 1875 does not require that the order should be made before appearance. It only requires that the party desiring a removal shall make and file a petition therefor "before or at the term at which said cause could be first tried, and before the trial thereof." Section 3.

Without going into further detail, we may say that no sufficient ground has been pointed out for remanding the cause. The motion is overruled.