STANLEY *v.* BOARD OF SUP'RS OF ALBANY CO.

*(Circuit Court, N. D. New York.   April, 1881.)*

1. SUIT ARISING UNDER THE LAWS OF THE UNITED STATES—ACT OF MARCH 3, 1875—NATIONAL BANK SHARES—TAXATION—REV. ST. § 5219.

    An action to enforce a right conferred by section 5219 of the Revised Statutes, regarding the taxation of property in the shares of national banking associations, is a suit arising "under the laws of the United States," within the meaning of the act of March 3, 1875.—[ED.

*Hale & Bulkley,* for plaintiff.

*R. W. Peckham,* for defendant.

WALLACE, D. J.   The court has jurisdiction of this action, notwithstanding the plaintiff's assignors are citizens of this state, because this is a suit arising "under the laws of the United States" within the meaning of the act of congress of March 3, 1875, respecting the jurisdiction of circuit courts. The action is to enforce a right conferred upon the plaintiff and his assignors by section 5219, of the Revised Statutes of the United States, regarding the taxation of property in the shares of national banking associations.   As was said by Chief Justice Marshall, "a case may be truly said to arise under the constitution, or a law of the United States, whenever its correct decision depends upon the construction of either," *(Cohen* v. *Virginia,* 6 Wheat. 379;) or where the title or right set up by the party may be defeated by one construction of the constitution or laws of the United States, or sustained by the opposite construction.   *Osborne* v. *Bank of U. S.* 9 Wheat. 822.   The right of the plaintiff depends upon the construction of section 5219.   If that section is meant

to interdict such an assessment as that of which the plaintiff complains, his right is sustained by a construction to such effect, and will be defeated by the opposite construction.

The act of 1875 employs the identical phraseology by which the constitution defines the grant of judicial power which congress may confer upon the inferior federal courts, and, I cannot doubt, is intended to confer the grant to the full extent authorized by the constitution.

Judgment is ordered for the plaintiff.

NOTE. See 5 FED. REP. 254.