ELLIS *v.* NORTON.*

(*Circuit Court, N. D. Texas.* January, 1883.)

1. REMOVAL OF CAUSES ARISING UNDER LAWS OF THE UNITED STATES.

Cases arising under the laws of the United States are such as grow out of the legislation of congress, whether they constitute the right or privilege or claim or protection or defense of the party, in whole or in part, by whom they are asserted.

2. UNITED STATES MARSHAL.

A part of the plaintiff's case is to make the United States marshal liable for the acts of his deputy. If the marshal is liable, such liability arises under the laws of the United States, and must be tested by such laws.

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

**3. Process from United States Courts.**

 A part of the defense of the marshal is in justifying under process from the United States circuit court. The validity, force, and effect of such process must be settled by the laws of the United States in reference thereto.

 *Houser v. Clayton,* 3 Woods 273, followed.

On Motion to Remand to State Court.

The suit is one brought by the plaintiff, in the district court of Fannin county, against the defendant, as marshal of the northern district of Texas, for trespass in seizing (under certain writs of attachment issued from the United States circuit court of said district against one A. P. Ryan) a lot of goods belonging to plaintiff. The petition sets forth the alleged wrongful acts of the marshal in detail, specifically alleging that the actual wrongs were committed by one Clark, who was, and was acting as, a deputy of said Norton, marshal. The answer of the defendant alleges justification under the said writ of attachment, and that the property seized actually belonged to and was the property of Ryan, the defendant in attachment. The petition for removal recites that the defendant, in doing the acts complained of, was acting as marshal of the northern district of Texas, under certain writs of attachment issued out of the United States circuit court for said district.

*W. B. Wright,* for plaintiff.

*Crawford & Smith,* for defendant.

Pardee, J. The question presented by the motion to remand is whether the case arises under the laws of the United States. If it does so arise, then the cause was properly removed to this court. "Cases arising under the laws of the United States are such as grow out of the legislation of congress, whether they constitute the right or privilege or claim or protection or defense of the party in whole or in part by whom they are asserted." A part of the plaintiff's case, in this action is to make Norton, marshal, liable for the acts of his deputy, Clark. If Norton is liable, such liability arises under the laws of the United States and must be tested by such laws. In part, the defense of Norton, marshal, for the alleged trespass, is in justification under process from the United States circuit court. The validity, force, and effect of such process must be settled by the laws of the United States in reference thereto. So that it appears that the case for each party to this action is one that, under the rule aforesaid, arises under the laws of the United States.

It is not disputed by counsel, and seems to be settled by the supreme court of the United States, that cases of trespass against

United States marshals in the state courts, where the marshals claim to have been acting under process from the federal courts, and the decision of the state courts are against the validity of the process, may be carried by writ of error to the supreme court, and then be reviewed under section 709, Rev. St. See *Buck* v. *Colbath*, 3 Wall. 334.

In the case of *Houser* v. *Clayton*, 3 Woods, 273, in a similar case to this now under consideration, Justice BRADLEY said:

"The defendants justify the alleged trespass under the authority of a court of the United States, and under the laws thereof. This presents a case arising under the laws of the United States, and is within the terms and meaning of the second section of the act of congress approved March 3, 1875, entitled 'An act to determine the jurisdiction of circuit courts of the United States, etc.' 18 St. 470. Such a defense set up in a state court and overruled there would clearly entitle the defendant to carry the case by writ of error to the supreme court of the United States, both under the twenty-fifth section of the old judicial act, and under the act of 1867, passed in lieu thereof. But the only ground on which it could then be made reviewable by that court, is that it is a case arising under the constitution or laws of the United States; and if it is such a case, then it is removable to the circuit court of the United States under the second section of the act of 1875, *supra*."

The first clause of the second section of the third article of the constitution of the United States defines and limits the judicial power of the United States. The provision therein that it "shall extend to all cases in law and equity arising under this constitution, the law of the United States, and treaties made," etc., is the authority from which must be derived the jurisdiction of the supreme court to review such cases by writs of error. It is clear that such cases do not arise under the constitution nor under treaties. If they do not arise under the laws of the United States, the supreme court could not review them. Therefore, upon principle and authority, we hold that this case under consideration is one arising under the laws of the United States, and therefore removed properly to this court.

The earnest and ingenious argument by the learned counsel in favor of the motion to remand has induced us to fully examine the question involved, but we think that the motion might well have been refused on the sole authority of *Houser* v. *Clayton, supra*.

The motion to remand is denied.

McCORMICK, J., concurs.