WILLIAM S. HOWARD v. R. Q. STEWART ET AL.

[FILED JUNE 11, 1892.]

1. **Removal of Causes.**  Upon the face of the record as presented the case was properly removed into the United States circuit court.

2. ———: ACTION FOR WRONGFUL LEVY BY MARSHAL.   In an action where the amount of damages claimed by reason of a wrongful levy and sale of goods by a United States marshal and his deputy exceeds $2,000 exclusive of costs, they may remove the cause into a United States circuit court.

3. ———: ———: PLEADING.   To entitle them to do so, however, they must plead justification under the process of that court. A general denial of the facts stated in the petition, where the

action is for the wrongful taking and sale of the goods, is not sufficient to show justification.

4. ——: ——: ——: INTERVENTION. A petition for intervention which states the facts as to the interest of the marshal and the intervenor may be sufficient *prima facie* to show, on paper, for the purpose of a petition to remove the cause, the right of the marshal to levy on and sell the property of the plaintiff.

5. ——: ——: ——: ——. An intervenor, so far as the right of removal is concerned, steps into the shoes of the original party. If he could have removed the cause, the intervenor may do so. If he could not remove the cause, then the intervenor is debarred from such removal.

ERROR to the district court for Kearney county. Tried below before GASLIN, J.

*John M. Ragan,* and *J. B. Cessna,* for plaintiff in error:

A substituted party comes into a suit subject to all the disabilities of him whose place he takes. (*H. & T. Cen. R. Co. v. Shirley,* 111 U. S., 358; *Cable v. Ellis,* 110 Id., 389; *Pirie v. Toedt,* 115 Id., 41; *Sloane v. Anderson,* 117 Id., 236; *Young v. Parker,* 132 Id., 267; *L. & N. R. Co. v. Wangelin,* 132 Id., 599; *Ohlquist v. Farwell,* 13 Fed. Rep. [Ia.], 305; *Thouron v. R. Co.,* 38 Fed. Rep. [Tenn.], 673; *Gilson v. Bruce,* 108 U. S., 561; *Phelps v. Oaks,* 117 Id., 236.) If the interests of the other parties are so identified that they should be considered together, the cause cannot be removed when one of the parties is a citizen of the same state with the plaintiff or defendant. (*Wilson v. R. Co.,* 22 Fed. Rep., 3; *Bronson v. Lumber Co.,* 35 Id., 634.) In removals on account of local prejudice all interested in one side of the controversy must be citizens of the state in which suit was brought, and all interested adversely must be citizens of another state. (*Thouron v. R. Co.,* 38 Fed. Rep., 673; *Myers v. Swann,* 107 U. S., 546; *Vannevar v. Bryant,* 21 Wall. [U. S.], 41; *Sewing Mach. Case,* 18 Id., 553; *Iron Co. v. Asburn,* 118 U. S., 54; *Anderson v. Bowers,* 43 Fed. Rep., 321; *Hancock v. Hol-*

*brook,* 119 Id., 586.) These words having received a judicial interpretation before the acts of 1887 and 1888, it is supposed that the legislature intended the same interpretation to be given to the latter. (*The Abbottsford,* 98 U. S., 440.) The fact that these foreign defendants had a right to come in to defend their rights does not make a separable controversy between them and the plaintiff. (*Thouron v. R. Co.,* 38 Fed. Rep., 673; *Stewart v. Dunham,* 115 U. S., 64.)

*Leese & Stewart,* and *L. C. Burr, contra:*

Where a party bases his right upon a judgment or order of the federal courts, the case may be removed thereto upon the ground that it involves a construction of the federal law. (*Dupasseau v. Rochereau,* 21 Wall. [U. S.], 130; *Bock v. Perkins,* 11 Sup. Ct. Rep. [Ia.], 677; *Crescent Live Stock Co. v. Butcher's Union,* 120 U. S., 146.) Issues of fact raised upon petitions for removal must be determined by the federal court. (*Chrehore v. R. Co.,* 131 U. S., 240; *R. Co. v. Dunn,* 122 Id., 513; *Carson v. Hyatt,* 118 Id., 279; *R. Co. v. Wangelin,* 132 Id., 599; *Kansas City, etc., R. Co. v. Daugherty,* 138 Id., 298.) The right of removal on the ground of prejudice or local influence is restricted by the act of 1887 to suits in which there is a controversy between citizens of different states; such right now belongs only to the defendant who is a citizen of a foreign state. (*Malone v. R. Co.,* 35 Fed. Rep., 626; *Whelan v. R. Co.,* Id., 849.)

MAXWELL, CH. J.

In July, 1889, the plaintiff filed a petition in the district court of Kearney county against the defendants to recover the sum of $5,000 for the wrongful conversion of a stock of goods. The defendants answered by a general denial. In October, 1889, E. M. Eusfield & Co. filed a petition to intervene as follows:

"Comes now E. M. Ensfield & Co., and shows to the court that they recovered a judgment in the circuit court of the United States, district of Nebraska, against Warren D. and A. S. Howard, doing business as Howard Bros., for the sum of $695 and costs, in an action pending in said court wherein E. M. Ensfield & Co. was plaintiff and said Howard Bros. was defendant; that an execution was duly issued upon said judgment and delivered to Brad D. Slaughter, marshal of said court, and one of the defendants herein; that said execution was duly levied upon a stock of general merchandise and certain notes and book accounts as property of said Howard Bros. by said marshal, through his duly appointed deputy, R. Q. Stewart, defendant herein; that said property was advertised and sold according to law by said marshal and his deputy; said property so levied upon and sold is the same property for the alleged conversion of which plaintiff herein seeks to recover from defendants herein; that the plaintiff to this action claims to have been owner of said property at the time of said levy and sale, which your petitioner alleges is untrue, and says that said property at the time of said levy and sale was the property of said Howard Bros.; that the claim of said W. S. Howard to the ownership of said property is made in pursuance of a conspiracy and confederation between him and said Howard Bros., to hinder, cheat, and defraud the creditors of said Howard Bros., and particularly your petitioners. Your petitioners caused said levy and sale to be made as aforesaid, and have obligated themselves to indemnify and save harmless the said marshal from all damages and liabilities such marshal might incur by reason of the making of such levy and sale. Said Howard Bros. being insolvent, your petitioner has an interest in the controversy in this case, adverse to the plaintiff, and as judgment creditor under said execution, and is the real party in interest in the defense of this case.

"Wherefore your petitioners pray that they may be made

parties defendant in this case and be permitted to defend the same, and that an order be made to that effect, and that they be given a reasonable time in which to plead."

The application was sustained, and Ensfield & Co. given twenty days in which to plead. Within seven days after the order Ensfield & Co. obtained from the United States circuit court the following order:

"WILLIAM S. HOWARD
          v.                    } No. 199, U.
R. Q. STEWART ET AL.

"It having been made to appear to said circuit court that from prejudice and local influence the petitioner will be unable to obtain justice in the court in which this action is pending, nor any other state court to which the defendant may on account of such prejudice or local influence have a right under the laws of the state of Nebraska to remove this cause, and it further appearing that this suit is one properly removable under the act of congress to said circuit court: Now, therefore, it is hereby ordered by the said circuit court that said suit be, and the same hereby is, removed into the circuit court of the United States for the district of Nebraska.

"(Signed)      .          ELMER S. DUNDY, *Judge.*"

This seems to have been filed in the district court, whereupon the judge refused further to proceed with the case, and this is the error complained of. It is pretty evident that the order in this case is not broad enough to show such prejudice in all the counties of the state as would prevent a fair trial, but no point is made on that and it will not be considered. The court where the action was brought had jurisdiction of the cause and the parties, and it not only may but should retain jurisdiction until the case is removed in some of the modes provided by law. The fact that the supreme court of the United States is the final arbiter in construing a federal statute does not take away from the state court the right and duty to examine the rec-

52

ord and see that the case is one proper for removal. If it is, the case should be removed at once. The court has no right or desire to exercise jurisdiction in a case where another tribunal has jurisdiction. If, however, the other tribunal is attempting to exercise jurisdiction without the legal right to do so, as if the amount involved, exclusive of interest and cost, is less than $2,000, or the proper citizenship is not shown to exist, or like cause, it is the duty of the state court to proceed with the trial of the cause and not surrender its jurisdiction. The fact that the final determination of the matter must or rather may be made by the supreme court of the United States has not unfrequently caused removals where the cause should have been retained. The fear of a conflict of jurisdiction also has not unfrequently induced improper removals. The proper course to prevent a conflict of jurisdiction is for neither court to claim any right to which it is not clearly entitled, and that has been the rule of this court from the first. It appears from the record that Ensfield & Co. recovered a judgment against Howard Bros. in the circuit court of the United States; that an execution was issued on said judgment and placed in the hands of Slaughter and Stewart, as marshal and deputy marshal of that court; that the levy and sale were made under said execution. The action being against the marshal and the damages claimed being in excess of $2,000, the cause was properly removable by the marshal and his deputy. (*Crescent Live Stock Co. v. Butchers' Union*, 120 U. S., 146 ; *Bock v. Perkins*, 11 Sup. Ct. Rep. [Ia.], 677.) In the above case the defense of the marshal was that the goods were the property of the judgment debtor. In the case at bar the defense is a general denial. A general denial, under the Code, simply puts in issue the truth of the petition, and it is very clear that under such an answer the marshal could not justify that the acts complained of were done by him as marshal in executing the process of the court. Upon such an issue the cause is not removable.

3. The petition for intervention, however, does contain allegations which would entitle the marshal and his deputy to remove the cause, and Ensfield & Co. simply stand in the shoes of Slaughter and Stewart. The rule is that the substituted party comes into the action subject to all the disabilities of him whose place he takes, so far as the right to remove the cause is concerned. (*Cable v. Ellis*, 110 U. S., 389; *Thouron v. East, etc., R. Co.*, 38 Fed. Rep. [Tenn.], 673.) But as the marshal had the right to remove the cause, the same right exists in favor of the intervenors. The court did not err, therefore, in refusing to proceed with the case.

JUDGMENT ACCORDINGLY.

The other judges concur.