WALKER et al. v. WINDSOR NAT. BANK.

(Circuit Court of Appeals, First Circuit. June 1, 1893.)

No. 51.

1. APPEAL—CIRCUIT COURT OF APPEALS—EXCEPTIONS.
    It is immaterial to the rule that federal appellate courts will not take cognizance of an exception to a refusal to direct a verdict for defendants before they had rested their case, that the case, as it then stood, was not qualified by anything afterwards proved.
2. SAME.
    Unless, perhaps, when the errors of the court below are manifestly grave, a circuit court of appeals will not take cognizance of an exception to an entire charge, any portion of which is unexceptionable, nor of an exception to a refusal to give a number of requests "except in so far as they were given by the charge to the jury."
3. PARTIES—NONJOINDER—DISMISSAL.
    Where, in an action against the three joint obligors in a bond, the court obtains full jurisdiction of all the defendants, a subsequent discontinuance as to one of them alone is prejudicial to the other defendants, and entitles them to a dismissal of the action for nonjoinder.
4. SAME—APPEAL—DECISION.
    Where a motion for leave to file a plea in abatement for nonjoinder of parties was erroneously denied, and at the time of such ruling there appeared of record all the facts essential to such a plea, an appellate court will order the same judgment as if the plea had been filed and sustained.
5. FEDERAL COURTS—JURISDICTION—FEDERAL QUESTION.
    A suit on the official bond of the cashier of a national bank, conditioned for the faithful performance of the duties thereof "according to law and

the by-laws" of the bank, involves a federal question, and is maintainable in a federal court, irrespective of the citizenship of the parties.

**6. SAME—DIVERSE CITIZENSHIP.**
In a suit which is properly brought in a federal court because it involves a federal question, the court has full jurisdiction of a defendant who, though a resident of another district, waives his personal privilege of being sued in the district of his residence by voluntarily appearing.

In Error to the Circuit Court of the United States for the District of New Hampshire.

At Law. Action by the Windsor National Bank against John S. Walker, Jr., John S. Walker, Sr., and Harriet H. Walker upon a bond given for the faithful performance by said John S. Walker, Jr., of his duties as cashier of the plaintiff bank. At the close of the plaintiff's evidence, defendants asked the court to direct a verdict for them, which the court declined to do, and thereupon defendants excepted. Defendants also excepted to the entire charge as given by the court to the jury. Defendants also requested certain instructions, and the action had in respect to them is stated as follows in the bill of exceptions: "The court declined to give any of the rulings so requested, except so far as they were given by the charge to the jury, and the defendants excepted." The jury returned a verdict for plaintiff, and thereafter the defendants filed motions in arrest of judgment on the ground that defendant J. S. Walker, Jr., was, at the date of the commencement of the action, as appeared by the record, a citizen of the same state as the plaintiff, to wit, the state of Vermont, for which reason, as alleged, the court had no jurisdiction of the action, or any party thereto. The plaintiff thereafter moved for leave to amend his pleadings and process by discontinuing the action as to the said John S. Walker. To this the defendants objected on the ground, as stated in paragraph 2 of the bill of exceptions allowed October 5, 1892, (referred to in the opinion of the court,) "that if the proposed amendment of the writ and declaration were to be allowed the defendants J. S. Walker, Sr., and Harriet H. Walker would be entitled to plead in abatement to the amendment, writ, and declaration in respect to the nonjoinder of J. S. Walker, Jr." In relation to the same matter the bill of exceptions, in paragraph 7, recites the following request, (also referred to in the opinion:)

"The defendants John S. Walker, Sr., and Harriet H. Walker further requested that, in case of the allowance of the proposed amendment to the writ and declaration, they might be permitted either to plead or to demur (as should be proper) anew to the writ and declaration, in respect to the nonjoinder of said John S. Walker, Jr., as defendant, and that all necessary orders as to the said verdict and as to a new trial should be made."

The court refused these requests, and also ordered that the writ abate as to John S. Walker, Jr., and that the declaration be amended so as to conform thereto. It also overruled the motions in arrest of judgment, to all of which defendants excepted, and now bring error to this court. Judgment reversed.

Heman W. Chaplin and Carleton Hunneman, (Ira Colby, on the brief,) for plaintiffs in error.

J. S. Frink and John R. Poor, (C. E. Batchelder, on the brief,) for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge.

PUTNAM, J. This court cannot be required to take cognizance of the exception to the refusal to direct a verdict for defendants before they had rested their case, nor that taken to the entire charge, portions of which were clearly unexceptionable, nor those to refusals to give certain requested rulings, the latter being in general to a number of requests, and coupled with the limitation, "except in so far as they were given by the charge to the jury." Railroad Co. v. Hawthorne, 144 U. S. 202, 12 Sup. Ct. Rep. 591; Beaver v. Taylor, 93 U. S. 46; Burton v. Ferry Co., 114 U. S. 474, 5 Sup. Ct. Rep. 960; rule of this court, No. 10. The rules laid down in these cases are repeated over and over, and need no further citation of authorities. The exception taken to the refusal to instruct the jury to return a verdict for defendants, in pursuance of a request made before they rested their case, is not helped by the claim that the facts as they then stood were not qualified by anything subsequently proved. Neither party can except to what is not a matter of right; and it is not a matter of right, according to the common law, to ask the court to sum up to the jury, until the evidence is closed. Howe's Pr. 255; 3 Bl. Comm. 375. Moreover, the patience of the court cannot be demanded twice on the same proposition,—once at the close of the plaintiff's proofs, and again at the close of defendant's. No case has been shown us qualifying the rule stated in Railroad Co. v. Hawthorne, above cited; and, in the view of the court, City of St. Louis v. W. U. Tel. Co., 148 U. S. 92, 13 Sup. Ct. Rep. 485, to which attention has been called, relates to an entirely different topic. Whether or not, as suggested in the concluding paragraph of the opinion of the circuit court of appeals for the fifth circuit in Car Co. v. Dupre, 54 Fed. Rep. 646, the appellate court may, of its own motion, or at the suggestion of counsel, notice a grave omission to instruct the jury on a point to which the attention of the trial court has been inaptly called by a request for instructions, or notwithstanding the exceptions are not strictly laid according to the rules cited, we do not need now to determine, as this case must be disposed of on other points, hereafter considered. We will add, however, that counsel must not be misled by the hypothesis that the peculiar practice of any state court forms any guide in framing bills of exceptions in the federal tribunals. Van Stone v. Manufacturing Co., 142 U. S. 128, 12 Sup. Ct. Rep. 181.

We have jurisdiction over the various exceptions growing out of the amendment by which J. S. Walker, Jr., was stricken out as a party defendant. The other defendants requested that, in case of the allowance of the amendment discontinuing as to J. S. Walker, Jr., they might be permitted either to plead anew, or demur in respect of his nonjoinder. This request was refused, and to this

refusal exception was properly taken and allowed. There may be cases where an amendment is so clearly free from possible prejudice to the rights of the parties to the record, or is so clearly consonant to the issues which have in fact been passed on, that its allowance calls for no further pleading. Horn v. Lockhart, 17 Wall. 570, cited by the appellee, was undoubtedly of this character. But the ordinary right of the adverse party to amend in response to an amendment of the other is fundamental, and is protected in this circuit by rule No. 17 of the circuit court, and generally in federal courts by Wright v. Hollingsworth, 1 Pet. 165, 169. The bond in suit was joint and several; and except for some question as to jurisdiction over all the obligors, or some other special question, as, for instance, the bankruptcy or insolvency of one or more of them, the rule is clear that suit could be brought only against one or all, unless subject to abatement. Therefore, in this case, if the circuit court had jurisdiction of all the obligors, the suit might have been abated by proper pleadings, if two and no more had been originally joined as defendants, or if there had been amendments by discontinuance leaving two, and no more. It would make no difference on this point whether the discontinuance was made before or after verdict, as the right of either defendant, in case of a joint procedure, is to a joint judgment against all. What would be the effect if, after or before verdict on a joint and several obligation, plaintiff should discontinue as to all but one defendant, we need not consider.

If in this suit the jurisdiction of the circuit court depended on the citizenship of the parties, the position of the case would be as follows: The federal courts are ordinarily governed by the state practice as to joinder of defendants in common-law suits. Whatever will excuse nonjoinder of one or more obligors on a joint promise, or on a joint and several promise, in any particular state court, will, at least for all purposes of the case at bar, excuse it in the federal courts in the district of that state. None of the cases relied on by the plaintiffs in error touch this precise proposition, and have been misunderstood so far as it has been supposed that they do. On the other hand, Inbusch v. Farwell, 1 Black, 566, sustains it. That case—in which, in fact, the plaintiff was a citizen of the same state as the two defendants stricken out by the amendment, though the statement does not show it—also establishes that the discontinuance as to J. S. Walker, Jr., was allowable, though he had voluntarily appeared in the case, provided the jurisdiction of the circuit court depended on the citizenship of the parties, and he was in fact a citizen of Vermont,—the state in which the bank, the original plaintiff, was located. Nor, so far as the record shows, is it of any consequence that the amendment was allowed after verdict. The case cited, however, does not determine that after the discontinuance the remaining defendants should not have been allowed to plead in abatement that J. S. Walker, Jr., was in fact a citizen of New Hampshire. If the case rested here we might be obliged to reverse the judgment, and allow the original defendants to plead in abatement that J. S. Walker, Jr., was and is a citizen of New

Hampshire, and yet leave the present verdict to await the result of that issue.

But we must go further. The acts of July 12, 1882, § 4, (22 Stat. 163,) and of August 13, 1888, § 4, (25 Stat. 434,) do not place national banking associations under any disadvantage with reference to raising so-called federal questions in federal courts. Bank v. Cooper, 120 U. S. 778, 780, 781, 7 Sup. Ct. Rep. 777; Petri v. Bank, 142 U. S. 644, 650, 651, 12 Sup. Ct. Rep. 325. What is a federal question under the existing statute of August 13, 1888, § 1, (25 Stat. 434,) depends on the words, "any suit of a civil nature, at law or in equity, arising under the constitution or laws of the United States, or treaties," and so on. We think this suit is of that character. It is based on the official bond of a cashier of a national banking association, given to the association pursuant to Rev. St. § 5136, cl. 5, providing for such bonds, and for defining the duties of cashiers.

The bond in the case at bar was conditioned, not only for the faithful execution of the office of cashier by the principal in it, but also that he would perform the duties thereof "according to law, and the by-laws" of the bank. Even without the express use of the words quoted the condition of a bond of a cashier of a national banking association, providing in terms only for the faithful performance of the duties of his office, or of any bond given as contemplated by section 5136, Rev. St., would inevitably imply the further condition that the cashier should regard all the provisions of law looking to the protection of the association from loss, or to the accomplishing its successful, safe, and profitable operation. Such provisions are found mainly in the Revised Statutes, or are at least so extensively embodied in them, and originated by them, that any attempt to read correctly a bond of the class in suit must lead at once, and directly, to their examination, and must find very largely, if not in the main, its support in their injunctions. If such bonds are not matters of jurisdiction with the federal tribunals, they and the duties of cashiers of national banking associations may be construed and defined very differently, and with absolute lack of harmony, in various states, with no opportunity of securing uniformity by appeal to any courts of the United States; and we think that congress could not have contemplated such a result. We conclude, therefore, that this suit involved a federal question, even in view of the strict construction found in Cooke v. Avery, 147 U. S. 375, 13 Sup. Ct. Rep. 340, assuming, as no doubt we justly should, that nothing therein is intended to overrule Tennessee v. Davis, 100 U. S. 257, 264, or any of its expressions. We think our conclusion is aided by the lines of reasoning found in Bock v. Perkins, 139 U. S. 628, 11 Sup. Ct. Rep. 677; Pacific R. Removal Cases, 115 U. S. 1, 5 Sup. Ct. Rep. 1113; Railroad Co. v. Amato, 144 U. S. 465, 12 Sup. Ct. Rep. 740; and Railroad Co. v. Cox, 145 U. S. 593, 603, 12 Sup. Ct. Rep. 905. Assurance Soc. v. Ford, 114 U. S. 635, 5 Sup. Ct. Rep. 1104, and Whittemore v. Bank, 134 U. S. 527, 10 Sup. Ct. Rep. 592, were attempts to maintain rights based entirely on the common law, and were each one step further

removed from the statutes of the United States than a suit on the bond now in question.

As, therefore, the United States circuit court for the district of New Hampshire has jurisdiction of suits of this character, independently of the question of citizenship, it had jurisdiction over J. S. Walker, Jr., although he was a resident of Vermont, after, by his voluntary appearance, he waived his personal privilege not to be sued except in the district of his inhabitancy. Railroad Co. v. McBride, 141 U. S. 127, 131, 11 Sup. Ct. Rep. 982. The result is that the original plaintiff, having, through the aid of the court, made the three obligors defendants in its suit, and obtained full jurisdiction over all of them, could not, at its option, proceed against two only. The discontinuance was prejudicial, as it allowed the escape of a joint promisor, who was properly holden to indemnify his associates, and to pay the entire judgment. It was made without their consent, and it has therefore the same effect as though J. S. Walker, Jr., had been an inhabitant of the district of New Hampshire, and had not been originally made a defendant, and yet the other obligors had pleaded nonjoinder.

It follows that the motion to plead anew, stated in paragraph 2, and in the request following paragraph 7, of the bill of exceptions allowed October 5, 1892, should have been granted; but, as all the matters essential to be thus pleaded appeared of record when the motion was made, judgment should now be entered as though a plea had been filed and sustained. Chit. Pl. p. 54; Gilman v. Rives, 10 Pet. 298.

Judgment reversed, and verdict set aside; and there will also be judgment for defendants John S. Walker, Sr. and Harriet H. Walker, with costs, without prejudice to further suits, unless, by leave of the court below, suitable amendments as to parties are allowed, and made effective, within such time as the court below shall allow, in which case there will be a new trial, with new pleadings, if needed, or such other proceedings as are not inconsistent with this opinion.