# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### HURST v. COBB et al.

### COOKE v. SAME.

#### (Circuit Court, N. D. Texas. April 5, 1894.)

#### Nos. 1,808, 1,809.

REMOVAL OF CAUSES—CASES ARISING UNDER FEDERAL LAWS.

An action against private parties to recover damages for wrongfully causing a United States marshal to levy an execution on plaintiff's chattels is a case arising under the laws of the United States, and is therefore removable under section 2 of the act of August 13, 1888. Bock v. Perkins, 11 Sup. Ct. 677, 139 U. S. 629, applied.

This is an action at law, brought in a court of Texas by J. D. Hurst against Cobb & Avery, to recover damages for wrongfully causing a United States marshal to levy an execution of plaintiff's chattels. Defendants removed the case to this court, and it is now heard on a motion to remand.

McCormick & Spence, for plaintiff.
Cobb & Avery, in pro. per.

RECTOR, District Judge. In this case the plaintiff sued the defendant in the district court of Hunt county, Tex., for $4,977, the alleged value of 170 head of cattle belonging to plaintiff, upon which defendants caused an execution, in the hands of P. B. Hunt, United States marshal for the northern district of Texas, to be levied, and said cattle sold under said execution. That said execution issued out of cause No. 1,036, wherein W. W. Avery, as plaintiff, recovered a judgment in the United States circuit court in and for the northern district of Texas, against J. H. Cooke, O. F. Hail, William Hodges, and J. M. Johnston, for $2,638. That said Hunt, United States marshal, acted by and through his deputy, T. B. McMurray, in levying said execution on said cattle, and also in selling them. That said defendants caused said execution to be issued and levied on said

property of plaintiff, and caused the same to be sold thereunder. Defendants filed their application for removal, averring that the property levied on and sold under the execution by the marshal was the property of the defendant in the execution, J. H. Cooke, and that the damages claimed against the defendants in the case at bar arose entirely out of the acts of the United States marshal and his deputies. Defendants say that their defense arises under the constitution and laws of the United States.

2. The case was removed to this court on said application of defendants, and now the plaintiff appears, and moves that the case be remanded to the state court, "because the record discloses no removable federal question."

3. Section 2 of the removal act of March 3, 1875, provides:

"That any suit of a civil nature at law or in equity now pending or hereafter brought in any state court, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and arising under the constitution or laws of the United States, either party may remove said suit," etc.

The said section was afterwards amended by act of August 13, 1888, so as to read as follows:

"Sec. 2. That any suit of a civil nature at law or in equity arising under the constitution or laws of the United States, of which the circuit courts of the United States are given original jurisdiction by the preceding section, which may now be pending or which may hereafter be brought in any state court, may be removed by the defendant or defendants therein to the circuit court of the United States for the proper district." 1 Supp. Rev. St. (2d Ed.) p. 612.

When we turn to the first section of the same act, we find:

"That the circuit courts of the United States shall have original cognizance concurrent with the courts of the several states of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000.00, and arising under the constitution or laws of the United States." See page 611.

4. The contention here is whether this case arises under the constitution or laws of the United States. In Carson v. Dunham, 121 U. S. 427, 7 Sup. Ct. 1030, the court draws the distinction between the second section of the act of 1875 and section 709, Rev. St., which provides for review by the supreme court of the decisions of the highest courts of the states, and says:

"That under the act of 1875, for the purpose of removal, the suit must be one arising under the constitution or laws of the United States, or treaties made or which shall be made under their authority; that is to say, the suit must be one in which some title, right, privilege, or immunity on which the recovery depends will be defeated by one construction of the constitution or law or treaty of the United States, or sustained by a contrary construction."

The case of Bock v. Perkins, 139 U. S. 629, 11 Sup. Ct. 677, was an action against the United States marshal and his deputies for levying an attachment on goods in the possession of Bock, the plaintiff in error. The attachment was sued out against Lane, who had assigned the goods to Bock. The case was removed to the United States court, and there was a motion to remand, which was overruled. The supreme court sustained the removal to the United States circuit court, and in so doing say:

"A case, therefore, depending upon the inquiry whether the marshal or his deputy has rightfully executed a lawful precept directed to the former from a court of the United States is one arising under the laws of the United States, for, as this court has said, cases arising under the laws of the United States are such as grow out of the legislation of congress, whether they constitute the right or privilege or claim or protection or defense of the party, in whole or in part, by whom they are asserted. This case was one arising under the laws of the United States, and therefore removable."

To the same effect is Ellis v. Norton, 16 Fed. 4; Houser v. Clayton, 3 Woods, 273, Fed. Cas. No. 6,739.

In the case of Howard v. Stewart (Neb.) 52 N. W. 714, the plaintiff in execution had given bond to the marshal, and, when the latter was sued, plaintiff intervened, set up the facts, and asked to remove case to the United States court. Held he might remove, as the marshal had that right. It seems to us in the case at bar that, inasmuch as the United States marshal, if sued in the state court, might remove the case to this court, that the defendants can also do so.

Motion to remand overruled. Let the same order be entered in No. 1,809, of John H. and M. E. Cooke v. Cobb & Avery.