HUFF et al. v. UNION NAT. BANK OF OAKLAND et al.

(Circuit Court, N. D. of California. September 24, 1909.)

No. 14,794.

1. COURTS (§ 294*)—FEDERAL COURTS—JURISDICTION—LAWS OF UNITED STATES.
   Rev. St. § 5200 (U. S. Comp. St. 1901, p. 3494), limits the total liabilities of any person, firm, or corporation to a national bank to not more than one-tenth of the bank's paid-in capital stock, and section 5239 (U. S. Comp.

St. 1901, p. 3515) provides that every director participating in or. assenting to a violation of the act shall be liable in his personal and individual capacity for all damages which the association and stockholders or any other person shall sustain in consequence thereof. *Held,* that a suit by a stockholder of a national bank for its benefit against the bank, its officers, and directors having charge of its assets individually, alleging that they had made excessive loans of the bank's funds to irresponsible and insolvent borrowers without adequate security in violation of the act, and that the bank after proper notice and demand had failed to bring the action, involved the construction of the national bank act, and was therefore a suit arising under the laws of the United States, of which the federal courts had jurisdiction, though there was no diversity of citizenship.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 294.*]

2. COURTS (§ 279*)—FEDERAL COURTS—JURISDICTION—FEDERAL QUESTION.

The existence of a federal question sufficient to sustain federal jurisdiction must appear from complainant's statement of his own cause of action, without aid of any allegation as to what defendant claims.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 279.*

Jurisdiction in cases involving federal question, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Mining Co., 35 C. C. A. 7.]

Suit by Mary J. Huff and others against the Union National Bank of Oakland and others. On demurrer to the bill for alleged lack of jurisdiction. Overruled.

Charles S. Wheeler, for complainants.

Milton S. Hamilton, for defendants.

VAN FLEET, District Judge. This is a bill in equity for an accounting to which the defendants have demurred upon the ground that the facts alleged do not state a case within the jurisdiction of this court. There is no diversity of citizenship, the parties being all citizens of the state, but the jurisdiction of the court is invoked upon the ground that the suit is one arising under the Constitution and laws of the United States within the terms and meaning of the judiciary act (Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]).

The complainants sue in the capacity of stockholders of the defendant corporation, a national banking association, and for its benefit; it being alleged that the latter has, after proper notice and demand, failed and neglected to bring the action. The material features of the bill are, in substance and effect, that at the times of the commission of the acts complained of the individual defendants were officers of the defendant bank, one of them being the president and a director and the other two directors thereof, and as such officers having the control and being intrusted with the management and conduct of its business and affairs; that while acting as such officers the last-mentioned defendants were guilty of acts of malfeasance in office, in that at divers times, which are alleged with particularity and detail, they wrongfully and without right withdrew from the funds of the bank large sums of money, and employed the same to their own private use and benefit, and without adequate return to the bank, and made loans of the funds of said bank to irresponsible and insolvent borrowers, without ade-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

quate or any security, for the purposes of speculation, in which such officers were privately interested; and it is alleged that such withdrawals and loans were knowingly had and made by said officers in sums largely in excess of the limit allowed by specific provisions of the national banking law and contrary to and in violation thereof, and that said acts of the defendants have resulted in great loss to the bank, much in excess of the jurisdictional amount, for which loss it is asked that the defendants be compelled to account.

I am of opinion that these facts make a case arising under the laws of the United States and within the jurisdiction of this court. In defining the powers of national banking associations and their officers Congress has provided in section 5200 of the Revised Statutes (U. S. Comp. St. 1901, p. 3494) that:

"The total liabilities to any association, of any person, or of any company, corporation, or firm, for money borrowed, including, in the liabilities of a company or firm, the liabilities of the several members thereof, shall at no time exceed one-tenth part of the amount of the capital stock of such association actually paid in."

This provision is very clearly a restriction upon the power of the officers of such an association in conducting its business against making loans of its funds, either to themselves or others, beyond the limit therein specified; and this provision the averments of the bill show was violated by the defendants in the instances counted upon.

Congress has also fixed the measure of liability of the officers of such associations for a violation of any of the provisions of the law governing them by providing in section 5239, Rev. St. (U. S. Comp. St. 1901, p. 3515), that in case of any such violation "every director who participated in or assented to the same shall be held liable in his personal and individual capacity for all damages which the association, its shareholders, or any other person, shall have sustained in consequence of such violation."

Thus it appears that the specific right, the alleged violation of which it is sought by the bill to redress, is one given by a law of the United States—no: remotely or indefinitely, but directly and positively—and that the measure of liability and recovery for such violation is likewise specifically furnished by the same law. Obviously it seems to me that in such a case the suit must be held to be one arising under a law of the United States, because the right to recover, if it exists, is thus directly given by an act of Congress, and the court is bound, therefore, in determining the controversy to decide whether or not the act gives the right claimed under it. Nor is this view to my mind at variance with the contention of the defendants, based upon the language of some of the cases, that it must appear from the averments of the bill that the construction of a federal statute is necessarily involved; for, in order to determine whether or not the act relied on does give the right claimed, the court is necessarily required to construe the act. That that question of construction is a matter in actual controversy sufficiently appears from a pleading which, like the present bill, merely alleges the violation of the statute, the fact of the injury resulting from such violation, and the fact that compensation has not been made for that injury. Such controversy exists because, if the

complainants' construction of the law be correct, the defendants ought to have made good the loss resulting from their wrongful acts; and their failure so to do is in itself a denial of the correctness of that construction.

These views are fully sustained by National Bank of Commerce v. Wade (C. C.) 84 Fed. 10, involving the same provisions of the Revised Statutes and under facts precisely similar to those presented in the present bill, where the bank was suing its derelict officers. In response to the objection now urged to the jurisdiction of the court Judge Hanford says: .

"The true test of jurisdiction in this class of cases is fairly given in that part of the opinion of the Supreme Court in the case of Cooke v. Avery, 147 U. S. 375, 13 Sup. Ct. 340, 37 L. Ed. 209, which is quoted in the defendants' brief as follows: 'Whether a suit is one that arises under the Constitution or laws of the United States is determined by the questions involved. If, from them, it appears that some title, right, privilege, or immunity on which the recovery depends will be defeated by one construction of the Constitution or a law of the United States, or sustained by the opposite construction, then the case is one arising under the Constitution or laws of the United States. Osborn v. Bank, 9 Wheat. 738, 6 L. Ed. 204; Starin v. City of New York, 115 U. · S. 248–257, 6 Sup. Ct. 28, 29 L. Ed. 388. In Carson v. Dunham, 121 U. S. 421, 7 Sup. Ct. 1030, 30 L. Ed. 992, it was ruled that it was necessary that the construction either of the Constitution or some law or treaty should be directly involved, in order to give jurisdiction.'"·

· And, after commenting upon the facts alleged and the contentions of the parties, it is further said:

"If, upon the trial of this case, the facts alleged in the bill should be proved, then the right of the complainant to recover will depend upon the proper construction and application of these statutes; if the facts shall not be proven as alleged, the plaintiff must fail, even though it should be made to appear that it has sustained damages by reason of negligence on the part of the defendants. For the purpose of this demurrer, the bill must be taken as true. Therefore, tested by the above rule, it is quite plain that the case is one arising under the laws of the United States, for the questions to be decided involve the construction of laws of the United States."

To the same effect is Wyman v. Wallace, 201 U. S. 230, 26 Sup. Ct. 495, 50 L. Ed. 738. The idea that the bill should allege that the defendants actually dispute the construction of the statute claimed by the complainants is not, so far as I have been able to discover, supported by any of the cases upon the subject. To the contrary, it is now firmly settled that the existence of a federal question must appear from the complainant's statement of his own case, and cannot be aided by any allegation as to what the defendant claims or contends in that regard. · Florida, etc., R. Co. v. Bell, 176 U. S. 321, 20 Sup. Ct. 399, 44 L. Ed. 486. On the general proposition discussed, see, also, Walker v. Windsor National Bank, 56 Fed. 76, 80, 5 C. C. A. 421; In re Lennon, 166 U. S. 548, 553, 554, 17 Sup. Ct. 658, 41 L. Ed. 1110; St. Paul, etc., Ry. Co. v. St. Paul, etc., R. Co., 68 Fed. 2, 13, 15 C. C. A. 167; Ellis v. Norton (C. C.) 16 Fed. 4; Stanley v. Supervisors (C. C.) 6 Fed. 561.

The other grounds of demurrer have not been pressed and may therefore be regarded as abandoned.

The demurrers will be overruled.