Railway & Light Co. v. Henderson.

NASHVILLE RAILWAY & LIGHT COMPANY *v.* AMANDA HENDERSON.

*(Nashville.* December Term, 1906.)

1. **PEREMPTORY INSTRUCTION.** When motion for, may be made.

The practice is well settled in this State that the defendant may move for a peremptory instruction either at the close of the plaintiff's evidence or of the entire case.

2. **SAME.** Same. Waived by failure to renew motion at close of case.

Where the defendant, at the close of the plaintiff's case, moved for a peremptory instruction and the motion is overruled and exception taken, after which he introduces evidence in his own behalf, he waives his exception to the overruling of his aforesaid motion, unless it is renewed at the close of the whole case.

Cases cited and approved: Bogk v. Gassert, 149 U. S., 17, and numerous cases cited in the opinion.

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County.— J. A. CARTWRIGHT, Judge.

R. F. JACKSON, for Railway & Light Company.

LAWRENCE & SON, for Henderson.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

This action was brought by Amanda Henderson against the Nashville Railway & Light Company to recover damages for personal injuries sustained by her as the result of the alleged negligence of that company. The trial resulted in a verdict and judgment in favor of the plaintiff. At the close of the plaintiff's testimony, a motion was made by the defendant for a peremptory instruction. This was overruled. Afterward the defendant proceeded to put its case through witnesses to the jury, but failed at the conclusion of the whole case to renew this motion. It is now assigned for error that the trial judge should have granted the motion when made.

The practice is now well established in this State that the defendant may move for peremptory instruction, either at the close of the plaintiff's evidence or of the entire case. While the exact point arising on this record has not been heretofore determined by this court, yet it is well settled by the authorities that, if made at the close of the plaintiff's case and overruled, the subsequent introduction of evidence in his own behalf by the defendant will be deemed a waiver of his exception to the action of the court, unless the motion is renewed at the close of the whole case. This question has arisen in the supreme court of the United States, as well as in courts of last resort in the various States, both as to the effect of introducing testimony

by the defendant after a motion for an involuntary non-suit, as well as for a peremptory instruction, has been overruled, and the great weight of authority supports the rule just announced. In the case of *Bogk* v. *Gassert,* 149 U. S., 17, 13 Sup. Ct., 738, 37 L. Ed., 631, it is said: "A defendant has an undoubted right to stand upon his motion for a nonsuit, and have his writ of error if it be refused; but he has no right to insist upon his exception after having subsequently put in his testimony and made his case upon the merits, since the court and jury have the right to consider the whole case as made by the testimony. It not infrequently happens that the defendant himself by his own evidence supplies the missing link, and, if not, he may move to take the case from the jury upon the conclusion of the entire testimony." In support of this holding the court cites *Grand Trunk R. Co.* v. *Cummings,* 106 U. S., 700, 1 Sup. Ct., 493, 27 L. Ed., 266; *Accident Ins. Co.* v. *Crandall,* 120 U. S., 527, 7 Sup. Ct., 685, 30 L. Ed., 740; *Northern Pacific R. Co.* v. *Mares,* 123 U. S., 710, 8 Sup. Ct., 321, 31 L. Ed., 296; *Union Ins. Co.* v. *Smith,* 124 U. S., 405, 8 Sup. Ct., 534, 31 L. Ed., 497; *Bradley* v. *Pool,* 98 Mass., 169, 93 Am. Dec., 144. To these may be added *Dunham, etc., Co.* v. *Dandelin,* 143 Ill., 409, 32 N. E., 258; *Illstad* v. *Anderson,* 2 N. D., 167, 49 N. W., 659; *Poling* v. *Ohio River R. Co.,* 38 W. Va., 645, 18 S. E., 782, 24 L. R. A., 215; *Joliet, etc., Co.* v. *Shields,* 134 Ill., 209, 25 N. E., 569; *Nor. Pac. R. Co.* v. *Charles,* 51 Fed., 562, 2 C. C. A., 380; *Walker* v. *Windsor, etc., Bank,* 56 Fed., 76,

5 C. C. A., 421; and Elliott's General Practice, vol. 2, sec. 1062.  Upon these authorities we hold that this assignment of error is not well taken, and must be over-ruled.

The case, however, is reversed upon the several grounds that there is no material evidence to support the verdict, and for errors committed by the trial judge in his general charge, and in his failure to give certain requests that were submitted to him by the counsel of the railway company.  These matters, however, are disposed of in a memorandum opinion filed with the record, and are not here embraced, inasmuch as they are not of sufficient importance for publication.