### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## WESTERN DIVISION.

### JACKSON APRIL TERM, 1924.

---

· JOHN GERBER CO. *v.* MRS. L. D. SMITH (two cases).*

### (*Jackson.* April Term, 1924.)

1. **TRIAL.** Introduction of evidence after denial of motion for directed verdict constitutes waiver thereof.

   Where defendant, after denial of his motion for directed verdict at close of plaintiff's proof, introduces evidence, he waives any error in court's ruling, and must renew his motion at close of all evidence, if he expects to rely thereon. (*Post, pp.* 261-263.)

   Case cited and distinguished: Railway & Light Co. v. Henderson, 118 Tenn., 284.

2. **TRIAL.** Motion for directed verdict held not renewed at close of all evidence.

   Colloquy between court and counsel at close of defendant's evidence *held* not to amount to renewal of motion for directed verdict, which had been denied at close of plaintiff's proof. (*Post, p.* 263.)

---

*On admissibility of evidence of condition before and after accident, of property whose defects are alleged to have caused injury, see note in 32 L. R. A. (N. S.), 1084.

3.  **APPEAL AND ERROR.** Burden is on party asserting an error to show motion properly made and refused.

Burden is upon defendant asserting error in court's overruling of motion for directed verdict to show that same was made at proper time and refused by court. (*Post, p.* 263.)

4.  **TRIAL.** Failure to renew motion for directed verdict, after evidence in rebuttal, constitutes waiver.

Defendant's failure to renew motion for directed verdict made at close of all evidence, after plaintiff had been permitted to offer some proof in rebuttal, *held* to constitute waiver. (*Post,* p. 263.)

5.  **NEGLIGENCE.** Instruction defining negligence held erroneous.

In action for injuries instruction defining negligence as "the use of such care and caution as a reasonably prudent man would exercise in his own affairs," *held* erroneous and misleading, nor could reviewing court assume that the word "lack" was used in place of the word "use," and that the word "use" was a mere typographical error. (*Post, pp.* 263, 264.)

Cases cited and approved: Railroad v. Pugh, 97 Tenn., 624; Railroad v. Roe, 118 Tenn., 601.

6.  **NEGLIGENCE.** Evidence of falls by others held admissible.

In action for injuries from fall on polished cafe floor, evidence of falls by other persons at time when floor was in practically same condition *held* admissible, though it was not shown that other persons wore same kind of shoes, had no protruding nails in their shoes, or walked in same manner as plaintiff. (*Post, pp.* 266-270.)

Cases cited and approved: Railroad v. Lindamood, 111 Tenn., 457; Walton v. Burchel, 121 Tenn., 715; De Glopper v. Ry. & Light Co., 123 Tenn., 633; Railroad v. Wyatt, 104 Tenn., 432; Alcott v. Public Service Corp., 32 L. R. A. (N. S.), 1084; Chicago v. Jarvis, 226 Ill., 614.

Cases cited and distinguished: Ellis v. Cotton Oil Co., 3 Tenn. Civ. App., 642; Laurie v. McCullough, 174 Ind., 477.

1.  Trial, 38 Cyc, pp. 1590, 1591;  2.  Trial, 38 Cyc, p. 1591;  3. Appeal and Error, 4 C. J., section 2709;  4.  Trial, 38 Cyc, p. 1591; 5.  Negligence, 29 Cyc, p. 649;  6.  Negligence, 29 Cyc, p. 611.

John Gerber Co. v. Smith.

FROM SHELBY.

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. M. R. PATTERSON, Judge.

EWING, KING & KING and H. P. POSERT, for plaintiffs.

WILSON, GATES & ARMSTRONG and FRANK H. GAILOR, for defendant.

MR. JUSTICE HALL delivered the opinion of the Court.

These two suits for damages were instituted in the circuit court of Shelby county against the John Gerber Company, who will hereinafter be referred to as the defendant.

One of the suits was instituted by Mrs. L. D. Smith to recover for personal injuries sustained by her in slipping and falling while walking across a polished hardwood floor of the building in which defendant operates a public café in the city of Memphis; the accident occurring on or about the 15th of September, 1922.

In her declaration Mrs. Smith alleges that she was a patron of defendant's café, and had gone in there for the purpose of purchasing a meal, and she further alleges that the defendant carelessly, negligently, and recklessly maintained the floor of its café in a very dangerous condition in that it was polished so highly, greased and oiled, that it was not safe for persons to walk upon.

Mrs. Smith's declaration further alleges that defendant had, or could have had, knowledge of this dangerous

condition, and that as a consequence of defendant's negligence she slipped and fell violently upon said floor, sustaining serious injuries, for which she sued in the sum of $5,000.

The other suit was instituted by her husband, L. D. Smith, to recover $1,000 for the loss of the services of his wife, and surgical and medical bills expended in an effort to have her cured of her injuries.

To both declarations defendant files pleas of the general issue and contributory negligence on the part of the plaintiff, Mrs. Smith.

By agreement both cases were tried together in the circuit court before the court and a jury and resulted in verdicts and judgments in favor of both plaintiffs; Mrs. L. D. Smith was awarded a recovery for $1,750 and her husband, L. D. Smith, was awarded $250.

Motions for new trials having been overruled in both cases, defendant appealed to the court of civil appeals and assigned errors. That court sustained two of defendant's assignments of error and reversed the cases and remanded them for new trials. Other errors assigned by the defendant were overruled. Both plaintiffs and defendant have filed petitions for writs of *certiorari,* and the cases are now before this court for review.

Defendant, by its first assignment of error, insists that the court of civil appeals erred in overruling its first assignment of error in that court to the effect that the trial judge committed error in not sustaining its motion for a directed verdict at the conclusion of the plaintiffs' proof, and at the conclusion of all the proof; and in failing to strike, on defendant's motion, all evidence of previous falls by other persons visiting said café.

Defendant did move for a directed verdict at the close of plaintiff's proof. This motion was overruled by the court, after which defendant introduced evidence in its own behalf. This amounted to a waiver of the motion for a directed verdict. *Railway & Light Co.* v. *Henderson,* 118 Tenn., 284, 99 S. W., 700. It was, therefore, necessary for defendant to renew its motion at the close of all the evidence. This it did not do. On this point the following occurred in the trial court:

"Mr. King: If your honor please, I want to first move the court to strike out all of the evidence and so instruct the jury with reference to the slipping or other falling on the floor of the building, for the reason that for that evidence to be admissible it must be affirmatively shown that the conditions were practically or actually the same, and the element of time also enters the equation, and it must be some time near the time of the accident.

"I further want to move your honor, for the benefit of the record, and I very earnestly say that there has not been any evidence of negligence shown in this record. We put on every available witness, and they have all testified that the floor was treated as good as possible, and in accord with the best knowledge on the subject, and that the floor was not slippery. They testified they kept the floor up to the best standard of the art as they knew it, and that there was no particular condition in the floor at the time to cause the slipping, and I have been searching my mind to find what evidence the plaintiff had in the case of negligence.

"The Court: Now, as to the testimony that has been admitted about other accidents, as to whether that is

competent to prove negligence on the part of the defendant. Have you any authorities on that subject?

"Mr. Armstrong: I can get them; Mr. Gailor is in the library right now.

"The Court: I am not sure that that testimony should have been admitted to the jury, and I would like to hear your authorities.

"The Court: I don't see, Mr. King, how I can exclude that testimony under the authority of this case. I have listened very much to your position in the matter, and I thought very probably that testimony was incompetent; but it seems to me that under that authority that testimony is competent and ought to be admitted, and that raises the question of negligence of the defendant in maintaining this floor, and I shall refuse the motion for a directed verdict.

"Mr. King: Note an exception. Mr. Armstrong, will you agree to a jury of view?

"Mr. Armstrong: No."

The foregoing nowhere shows that defendant moved the court to direct a verdict in its favor. It is true that the court, in making its ruling, used the following language:

"I don't see, Mr. King, how I can exclude that testimony under the authority of this case. I have listened very much to your position in the matter, and I thought very probably that testimony was incompetent, but it seems to me that under that authority that testimony is competent and ought to be admitted, and that raises the question of negligence of the defendant in maintaining this floor, and I shall refuse the motion for a directed verdict."

The record shows that the motion which was actually made by defendant was to have withdrawn from the jury the evidence of other falls by persons visiting defendant's café. This motion was seasonably made, having been made after the plaintiffs had introduced all of their evidence with respect to other falls, and after they had cross-examined defendant's witnesses on the subject. This was a matter which was a part of plaintiffs' proof in chief, and could not again be gone into in any rebuttal testimony that might be offered. It was therefore proper for defendant to make such motion at this time, and in the argument of the motion it was quite natural for counsel for defendant, in order to press upon the court the importance of the motion, by way of argument, to insist that there was no evidence of negligence. The statement of the court that with such evidence in the record ''I shall refuse the motion for a directed verdict,'' was not responsive to the motion, and was doubtless inadvertently made.

Since defendant is seeking to put the trial judge in error because of his refusal to sustain its motion for a directed verdict in its favor, the burden is on defendant to show affirmatively that such a motion was made at the proper time, and refused by the court. This the record fails to show.

Furthermore, the record discloses that plaintiffs offered some rebuttal proof after defendant claims that it made its motion for a directed verdict, after which the alleged motion was not renewed. Such failure would have amounted to a waiver of the motion even if one had been made in the first instance.

We have carefully examined the remaining assign-
ments of error urged by defendant in this court, and,
without elaborating upon them, we have reached the con-
clusion that none of them are well grounded, and all of
them are overruled.  We do not mean, however, to be
understood as passing upon the question of whether or
not there was sufficient evidence to carry the case to the
jury.  No assignment of error was made in the court of
civil appeals, and none is made in this court, to the effect
that there is no evidence to support the verdict of the
jury.  And, there being no motion for a directed verdict
in defendant's favor, we have not undertaken to pass
upon the facts.

We now come to a consideration of the assignments of
error urged by plaintiffs.

The court of civil appeals sustained defendant's as-
signment of error made in that court as follows:

"The court erred in charging the jury as follows:
'Now, you are to try these issues, and the court charges
you that the first questions for you to consider are whose
negligence, if any, caused the injury.  Negligence in law
is defined to be the use of such care and caution as a
reasonably prudent person would exercise in his own
affairs.' "

In the above instruction the court undertook to define
the term "negligence," and this is the only place in its
charge where a definition of the term negligence is at-
tempted to be given.  We are inclined to think that the
statement of the court was inadvertent, but, however
this may be, it was manifestly misleading and confusing
to the jury.  To say that negligence is "such care and
caution as a reasonably prudent person would exercise

John Gerber Co. v. Smith.

in his own affairs'' clearly gave the jury an erroneous standard by which to judge defendant's act and manner of maintaining and operating the floor on which plaintiff Mrs. Smith fell. In other words, the instruction told the jury that, if defendant used such care and caution in maintaining its floor and protecting its patrons from injury thereon as a reasonably prudent person would use, it was guilty of negligence, and was liable to the plaintiffs. Negligence is just the opposite to the definition given the jury by the court—it is a failure to exercise ordinary care. *Railroad* v. *Pugh,* 97 Tenn., 624, 37 S. W., 555; *Railroad* v. *Roe,* 118 Tenn., 601, 102 S. W., 343.

It is said that the word ''use'' is probably a typographical error, and that the word ''lack'' was probably used by the court instead, and that this court can, by proper transposition, make the instruction read correctly. Of course, this could be done by substituting the word ''lack' for the word ''use.'' But we must assume that the language which appears in the instruction was that of the court. We cannot assume that it was a typographical error in the absence of anything to show that it was. The question therefore is: What effect did it have on the jury? We think it was clearly confusing and misleading, and gave the jury no correct conception or understanding of the term negligence. Defendant's negligence was the vital and important question to be determined by the jury. We do not think the court cured this error in any subsequent portion of its charge. The court of civil appeals was therefore correct in reversing the judgment on this ground.

It is next insisted by plaintiffs that the court of civil appeals erred in sustaining defendant's assignment of error to the effect that the trial judge erred in permitting plaintiffs to prove that other persons had slipped and fallen on the floor in question. It is urged by plaintiffs, first, that this assignment of error should have been overruled because there was no specific objection to this evidence; and, second, that this evidence was competent as a circumstance tending to show the dangerous condition of defendant's floor, and that it was chargeable with knowledge of such condition.

The court of civil appeals treated the objection of defendant to this evidence as sufficient, and based its decision on the ground that the evidence was incompetent.

We have reached the conclusion that the court of civil appeals erred in the conclusion that the evidence was improperly admitted. The court of civil appeals on this point said:

"We understand the rule to be, that where a defect is shown to actually exist, the fact that other parties have been injured as a result of this particular defect, and in the same manner as plaintiff was injured, that this fact may be shown, for the purpose of showing knowledge of the defect and the dangerous character of the particular instrument under consideration. But that inferences may not be drawn from other inferences, that one presumption may not be the basis of another presumption—that inferences must be drawn from established facts, and that they may never be drawn from mere presumptions, is the rule established in this State in *Railroad* v. *Lindamood,* 111 Tenn., 457, 78 S. W., 99; this case has been followed in *Walton* v. *Burchel,* 121 Tenn., 715, 121

S. W., 391, 130 Am. St. Rep., 788; *De Glopper* v. *Ry. &
Light Co.,* 123 Tenn., 633, 134 S. W., 609, 33 L. R. A. (N.
S.), 913, and perhaps other cases.

"In the case at bar, plaintiff merely showed that other
persons had slipped on this floor, or that they fell; and
it is shown that the floor has been in practically the same
condition for several years, that it was in when plain-
tiff fell.  It may be said that the floor was in the same
condition when the other parties slipped, as when plain-
tiff slipped.  But, in our view, the trouble is, that the
proof fails to show that others slipped under the same con-
ditions as those under which plaintiff slipped.  Plaintiff
says she was merely walking, straight, that she did not
turn her foot, that she did not wear high heels, and that
she had no protruding nails.  These are all material
facts, not shown with reference to other parties who
slipped on this floor."

Mr. Wigmore, in his valuable work on Evidence (1923
Ed.), at section 458, announces the following rule:

"If a white powder's tendency to produce illness may
be evidenced by the symptoms following its administra-
tion, then in the same way the tendency of a projecting
spike in a gate to catch and tear the garments of a pass-
er-by may be evidenced by instances of such tearings.
Or, the tendency on the part of the highway to make the
feet trip upon it may be evidenced by instances of such
trippings.  The mass of precedents dealing with the use
of other injuries (or accidents) as evidencing the dan-
gerousness of a place or machine are inferences of pre-
cisely this form. . . . If it can be shown what that
tendency is, it may then be possible to show that the
maintenance of a place or machine of that tendency—

that is, likely to cause such harm—is negligence.''

In *Ellis* v. *Cotton Oil Co.,* 3 Tenn. Civ. App., 642, this rule is also announced. In that case the court quoted with approval from 8 Encyc. of Evidence, 928-930, as follows:

"The fact that other persons have stumbled or fallen or been injured by the same defect as produced the injury in suit may, in many jurisdictions, be shown. Where the other accident occurred before the accident in suit, such evidence is admissible as showing defendant's notice of the defect. It is also admitted as tending to show the dangerous character of the defect, except in Indiana and Michigan, where it is not admissible for such purpose, and where, consequently, evidence of accidents occurring after the accident in suit is excluded. Such evidence is not, however, admissible to show other independent acts of negligence, nor to show that any prudent man might sustain injuries thereat. It is not objectionable as raising collateral issues, nor as tending to mislead the jury, nor as being in the nature of a surprise which the defendant might not be prepared to meet. But where at the time of the other accident the grounds or structure were in a different condition the evidence is incompetent.''

Our own case of *Railroad* v. *Wyatt,* 104 Tenn., 432, 58 S. W., 308, 78 Am. St. Rep., 926, presents a somewhat analogous question, but that case involved the question of showing repairs subsequent to the injury rather than before, and under the authority just quoted such would not be competent.

In the note to *Alcott* v. *Public Service Corporation* (N. J. Law), 32 L. R. A (N. S.), 1084, many cases are col-

lected which announce the rule to be as stated by the authorities above cited.

In *Chicago* v. *Jarvis,* 226 Ill., 614, 80 N. E., 1079, where appellee sustained an injury by falling into a coal hole, it was held that prior falls of ten or eleven others into said hole was properly admitted to show that the common cause of the accident was a dangerous and unsafe thing.

In *Laurie* v. *McCullough,* 174 Ind., 477, 90 N. E., 1014, where the plaintiff was injured by slipping on an oiled floor in a department store, the court said:

"Appellant also had a right to introduce evidence showing the length of time it had been using this floor dressing on its store floors, the extent of the use of such floors by the public under conditions substantially similar to those existing at the time appellee sustained her injuries, and the fact, if true, that no prior accidents had occurred from such use."

This case is authority for the converse that the plaintiff may introduce evidence of prior accidents if they occurred under substantially similar conditions.

The court of civil appeals was of the opinion that the evidence showed the floor in the instant case to be substantially in the same condition when the prior falls occurred as when the plaintiff Mrs. Smith fell. But the court of civil appeals was of the opinion that evidence of the prior falls was inadmissible because it was not shown that the other persons who fell wore the same kind of shoes, that they did not have protruding nails in their shoes, and did not walk in the same manner that Mrs. Smith was walking at the time she fell.

As said by learned counsel for plaintiffs, we think this view is hypercritical, and, if sound, would result in the exclusion of such evidence in practically every case. It was only necessary to show that the condition of the floor was substantially the same when other persons slipped and fell upon it. The plaintiff Mrs. Smith is presumed to have exercised ordinary case. The burden was on the plaintiffs to show an abnormal, negligent, or defective condition in the floor when Mrs. Smith fell, and to show the same condition when the other persons fell. This may be shown by proving that the floor was in the same condition when other persons fell as it was when the plaintiff Mrs. Smith fell. It was not necessary for the plaintiffs to prove that the other persons who fell did not wear dangerous shoes with protruding nails, nor did not walk in an improper manner. In other words, plaintiffs were not required to negative any possible abnormality of other persons who fell on defendant's floor.

The judgment of the court of civil appeals will be modified as indicated in this opinion, and with this modification it is affirmed with costs.