No. 31,025.

DORIS M. HEADINGTON, *Appellant,* v. THE CENTRAL BUILDING COMPANY, *Appellee.*

(20 P. 2d 816.)

Opinion filed April 8, 1933.

*Richard E. Bird* and *Richard E. Bird, Jr.,* both of Wichita, for the appellant.

*Paul J. Wall, Carl I. Winsor* and *John E. Boyer,* all of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action for damages for the alleged negligence of defendant in the maintenance of the ninth floor of its office building in Wichita which caused plaintiff to fall and sustain injuries.

Defendant's demurrer to plaintiff's evidence was sustained on two grounds specified in the judgment of the court, to wit:

"First. That the plaintiff failed to show any actionable negligence on the part of the defendant; and

"Second. If the acts of the defendant had been negligent the plaintiff was guilty of such negligence as to bar her recovery."

These rulings are assigned as error.

The evidence for plaintiff and the admitted facts tended to show that the hallway and corridors of the ninth floor of defendant's office building were composed of terazzo marble. On August 13, 1931, defendant caused that floor to be waxed and treated with a substance named "Wonder Water Wax," which made it slippery for pedestrians. On the following afternoon plaintiff, an employee in an office in the building, walked over the newly waxed. floor, and while in the exercise of due care she slipped and fell, thereby sustaining severe injuries and consequent loss of time and expenses for professional treatment.

Without amplifying the evidence in plaintiff's behalf at greater length, we turn to defendant's brief to discover, if possible, some justification for the trial court's decision on the demurrer. Its counsel suggest that plaintiff did not "make an effort to show that the floor was improperly waxed." But she adduced evidence covering the facts of the accident. It was shown in her behalf that she was properly shod for her work as an office woman. She did not know that the floor had been 'waxed, or that the waxing had made it slippery. Her witnesses showed that other persons had slipped on the floor the same day. (45 C. J. 1245-1248.) Under this state of the evidence the question whether the floor had been improperly or negligently waxed, to the peril of those having a right to walk on it, was a conclusion which the triers of fact, the jury, might properly deduce. Moreover, the evidence in plaintiff's behalf was fairly susceptible of interpretation that the floor was waxed as a mere experiment—to be tried at the hazard of the safety of persons · lawfully using the floor. The argument is made that the employees of defendant were entitled to a reasonable time to remove the slippery stuff from the floor, as if want of such time would relieve defendant of liability to plaintiff for damages. We cannot approve such an argument. It seems clear to us that plaintiff made out a *prima facie* case of negligence against defendant, and the trial court erred in taking the case from the jury. (*Phillips v. Commercial Nat'l Bank,* 119 Kan. 339, 342-346, syl. ¶ 1, 239 Pac. 984. See, also, *Robinson v. F. W. Woolworth Co.,* 80 Mont. 431; *John Gerber Co. v. Smith,* 150 Tenn. 255.)

Another argument in support of the ruling on the demurrer advanced by counsel for appellee is that plaintiff's evidence disclosed that she was guilty of contributory negligence. We have read the record with particular care, but find it difficult to glean any semblance of contributory negligence on the part of plaintiff. However, for the nonce we will assume that the jury might make such a discovery or draw an inference to that effect from plaintiff's evidence. Nevertheless it was manifest error for the trial court to hold that plaintiff was guilty of contributory negligence as a matter of law. (*Railway Co. v. Johnson,* 69 Kan. 721, syl. ¶ 2, 77 Pac. 576; and citations under Negligence, Hatcher's Kan. Dig. 1623; id. Supp. 206, 207.)

It follows that the judgment on the demurrer must be set aside and the cause remanded for further proceedings consistent herewith. It is so ordered.