# YOUNG v. CITY OF NASHVILLE et al., and two other cases.—176 S. W. (2d) 377.

Middle Section. April 10, 1943.

Petition for Certiorari Denied by Supreme Court, December 17, 1943.

660

John W. Hilldrop and J. G. Stephenson, both of Nashville, for plaintiff in error.

W. C. Cherry and Claude Callicott, both of Nashville, for defendant in error.

HOWELL, J. These are suits growing out of an automobile accident on Main Street in the City of Nashville in which Mrs. Vinnie Louise Young sued the City of Nashville and also in which Mrs. Sarah M. Cooney and her husband W. V. Cooney, each sued the City of Nashville and Guy Young and his wife Vinnie Louise Young for injuries resulting therefrom. By a decree entered June 2, 1942, the three cases were consolidated and they were tried together in the Circuit Court of Davidson County, Tennessee.

Upon motion the trial Judge directed a verdict in favor of the defendant Guy Young in the W. V. Cooney case.

Upon the hearing the jury found in favor of the City of Nashville in the Vinnie Louise Young case and dismissed her suit as to the City.

The jury also found in favor of the City of Nashville in the W. V. Cooney case and dismissed his suit as to the City and found the issues in favor of W. V. Cooney against the defendant Vinnie Louise Young and gave a judgment against her in the amount of $100.

In the case of Sarah M. Cooney the jury dismissed the suit against the City of Nashville and entered a judgment in her favor against the defendant Vinnie Louise Young for the sum of $300.

Vinnie Louise Young by proper proceeding has perfected an appeal in error to this Court and has assigned errors.

In the cases of W. V. Cooney v. The City of Nashville, and Vinnie Louise Young against The City of Nashville, the said Vinnie Louise Young by proper procedure has perfected appeals in error to this Court and has assigned errors.

It was ordered by the trial Court that only one transcript of the record be made up and certified to this court.

All the assignments of error will be considered together.

These suits grew out of a collision between an automobile driven by Vinnie Louise Young and one driven by Mrs. Sarah M. Cooney, while Mrs. Young was going east on Main Street in Nashville and Mrs. Cooney was driving west on the same street. Mrs. Young in attempting to pass a delivery wagon which was parked on the South side of Main Street at the curbing, turned to her left or to the north and skidded across the car tracks and the street and several feet to the east into the path of the car driven by Mrs. Cooney which was on its right side of the road, where the two cars collided, causing the damage and injuries sued for.

The suit against the City was based upon its alleged negligence in permitting the street car tracks, consisting of steel rails, "to protrude a great distance from the street, and had permitted the concrete around said rails to become broken, crushed and unstable," and the dec-

laration also alleged that the City had negligently permitted Main Street to become unsafe and dangerous by reason of the protruding of these rails to a dangerous extent from the pavement.

The assignments of error are that the verdict is contrary to law and evidence, that the preponderance of the evidence is against the verdict, that there was no evidence to support the verdict, that there was no negligence proven and that there was error in admitting certain testimony.

The record discloses that Vinnnie Louise Young was driving her car eastwardly on Main Street on the day in question, that it was raining and the pavement was slippery, that when she saw the truck parked at the curb on her right hand side of the street, she turned her car to the left, across the car tracks, the car became unmanageable and skidded into the path of the Cooney car which was proceeding westwardly on the north side of the street. It was the contention of the defendant City and the plaintiffs, the Cooneys, that there was ample room in the street for Mrs. Young's car to have passed the truck without crossing the car tracks and onto the left side of the street and that if she had been driving at a proper speed and exercising ordinary care and had her car under proper control she could easily have avoided the accident. The City also contended that there were no defects in the paving or car rails and that the proximate cause of the accident was the negligence and carelessness of Mrs. Young and that therefore the City was not liable to any of the plaintiffs.

We have carefully examined the record and there was ample evidence to support the finding of the jury which was approved by the trial Judge. It is well settled

that under these conditions this Court will not upset such findings. It is not deemed necessary to cite authorities.

■ The fifth assignment of error filed by Vinnie Louise Young in the Sarah M. Cooney case and also the fifth assignment in the W. V. Cooney case refer to the fact that Vinnie Louise Young testified as a witness for the plaintiffs and argue that therefore the plaintiffs are bound by her testimony that she was not guilty of any negligence and it is argued that for this reason the plaintiffs cannot recover. This is an argument and not an assignment of error and these assignments are therefore overruled.

■ The plaintiffs are not bound by an opinion expressed by the witness and no exception was made to her testimony.

■■ In the case of Pearson Hardwood Flooring Co. v. Phillips, in 22 Tenn. App. 206, on page 211, 120 S. W. (2d) 973 on page 976, the Court said:

"But the plaintiff is not bound by every fact or opinion testified to by his witnesses. The rule is a party cannot call in question the integrity and credibility of his own witnesses, but he is not bound by every isolated fact or opinion stated by the witnesses when it conflicts with other credible testimony given by witnesses for the party. It is for the jury to weigh and reconcile conflicting testimony given by the witnesses for each party as well as to reconcile the testimony between the witnesses of the contending party. Witnesses do not see nor gain the same impression when viewing an act or occurrence, and it is a recognized sign when too many witnesses tell the identical story that this is a suspicious circumstance. And to hold that if the testimony of a party's witnesses varies then he could not recover, he could recover upon no theory.

The rule is otherwise as is found in 28 Ruling Case Law, 227.''

■ It is also assigned as error as follows:

''For error of the Court in permitting counsel for City of Nashville, co-defendant herein, to ask defendant's witness Swint, the following questions, as well as his answers thereto.

''On redirect examination:

''W. G. Swint was asked and answered as follows:

''By Judge Cherry: Q. Mr. Swint, how long have you been with the City? A. Twenty-six years.

''Q. During that time have you ever heard of any claims for damages against the City on Main Street?

''Mr. Stephenson: We object, if the Court please.

''Objection overruled. Plaintiff excepts.

''Judge Cherry. Q. Has there ever been any claim for an accident that you know of? A. Never been an accident on Main Street, that's the first one I ever heard of.''

Counsel for plaintiff in error content themselves by saying that this action of the trial Judge in overruling their exception to this testimony of the witness Swint was a ''grievous error'' and do not cite any authorities or discuss the question in their briefs. Much might be said upon this subject and the authorities are not altogether in accord. When, however, such evidence is upon the question of notice or knowledge of a dangerous condition it may be admissible.

In Section 315, Vol. 38 of American Jurisprudence, p. 1014, it is said:

''Absence of Other Accidents.—Whether it is competent in a negligence action to show that other injuries have not occurred is a question upon which the courts are

disagreed. According to the rule laid down by many courts, the absence of other accidents at the place of an alleged defect is not admissible for the reason that such evidence not only raises collateral issues, but has no reasonable tendency to prove that such place of injury was free from danger. Others take the position that the fact of freedom from prior accident tends to show reasonable safety or reasonable care in a sufficient degree to warrant admissibility of that fact in evidence, although it is by no means conclusive. In such cases, however, the use and experience of others must have been of such nature as to have tested the alleged defect; it must have been a use substantially similar to the plaintiff's use. The fact that no other accident had occurred in a store at the place where the plaintiff was injured is strong evidence of the storekeeper's freedom from negligence.''

It has been held that evidence of the occurrence of former accidents at the same place is competent and relevant on the question of notice or knowledge of a dangerous condition.

If this be so, then it must follow that upon the question of notice or knowledge evidence of the absence of accidents may be admissible. See Vol. 128 A. L. R. Annotation beginning on page 595.

Also see Gerber v. Smith, 150 Tenn. 255, 263 S. W. 974.

We are of the opinion that the action of the trial Judge in overruling the exception to the testimony of the witness Swint was not reversible error under the facts of this case.

█ From the testimony the cause of the accident was the failure of the defendant Vinnie Louise Young to have her car under control and in crossing to her wrong side of the street and skidding into the path of the car driven

by Mrs. Cooney. The fact that the car rails over which she passed were protruding from the paving was not the procuring cause of the accident and testimony that no accident had happened at this same place in twenty-six years, even though irrelevant, did not materially affect the verdict and was not therefore reversible error. See Section 10653 Code of Tennessee.

All the assignments of error are overruled and the judgments of the trial Court affirmed.

Judgments will be entered here in favor of W. V. Cooney against Vinnie Louise Young for the sum of $100 and interest from June 8, 1942, and all the costs of the cause, and against Vinnie Louise Young and her sureties upon the appeal bond for the interest upon this judgment and the costs of the appeal, and in favor of Sarah M. Cooney against Vinnie Louise Young for the sum of $300 and interest from June 8, 1942, and all the costs of the cause, and against Vinnie Louise Young and her sureties upon the appeal bond for the interest upon this judgment and the costs of the appeal.

All the costs will be paid by Vinnie Louise Young and her sureties as above indicated except the costs in the two Cooney cases incident to making the City of Nashville a defendant, and these will be paid by W. V. Cooney and Sarah M. Cooney and their sureties upon their cost bonds.

Affirmed.

Felts and Hickerson, JJ., concur.