No. 39,109

BLANCHE FRENCH, *Appellee,* v. P. E. HEIBERT, LEWIS G. ALLEN and WILLIAM R. ALLEN, *Appellants.*

(262 P. 2d 831)

Opinion filed November 7, 1953.

*N. E. Snyder,* of Kansas City, argued the cause, and *Edwin R. Morrison, Robert L. Hecker, Henry W. Buck, William B. Cozad, Randolph P. Rogers, Jr.,* and *Henry W. Buck,* of Kansas City, Missouri, were with him on the brief for appellants.

*Joseph P. Jenkins,* of Kansas City, argued the cause, and *Joseph Cohen, Charles S. Schnider, John E. Shamberg, Thomas E. Joyce, Norma Braly,* and *Buford E. Braly,* all of Kansas City, were with him on the brief for appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action to recover damages for personal injuries sustained by plaintiff in a fall alleged to have resulted from the negligence of defendants. The appeal is from an order of the trial court overruling defendants' demurrer to plaintiff's amended petition.

The pertinent portions of the amended petition read:

1. "That the defendants are physicians and specialists in the field of x-ray with offices in the New Brotherhood Building in Kansas City, Wyandotte County, Kansas. The defendants' offices, maintained individually and jointly by said defendants at said address, consist of several rooms including one particular room commonly designated as a dressing room. That said defendants and each of them are responsible for the care, maintenance and control of the floors in said office space and particularly the floor in said dressing room. That under and pursuant to the provisions of a written lease entered into by and between said defendants and the landlord and owner of said New Brotherhood Building, . . . said landlord was given express permission and allowed and permitted to

enter said office suite occupied by defendants, and to maintain, clean and otherwise take care of said premises, including the care and maintenance of the floor therein. That said work is done during the nighttime, after said office is closed and with the approval of defendants.

2. "Plaintiff states that at all of the times herein mentioned she was sixty-five years of age, suffering from an injured left leg and required to use a cane to aid her in walking and standing.

3. "Plaintiff states that on September 26, 1951, at about the hour of 5:00 o'clock p. m. of said day, she was a patient of the defendants and particularly the said P. E. Heibert, having gone to said offices for the purpose of being x-rayed by said defendants. That upon her arrival at said offices plaintiff was by a young lady employee of said defendants, whose name or a better description of whom plaintiff does not know, directed to said dressing room above described and instructed to remove her clothing preparatory to being x-rayed. That plaintiff thereupon seated herself upon a stool in said dressing room and placed her cane within arm's reach. That thereafter and without the knowledge of this plaintiff, said young lady employee of said defendants removed said cane from the position where plaintiff had placed it to a place in said room beyond the reach of plaintiff. That thereafter said employee of said defendants called to plaintiff to proceed from said dressing room to the x-ray room and plaintiff attempted to comply with said direction. That as plaintiff started to arise she discovered that said cane was not in the position where she had placed it but was without plaintiff's reach. Whereupon, plaintiff undertook to walk to the new location of said cane without support. That just as plaintiff was in the act of arising from said stool and while exercising due and reasonable care for her own safety, plaintiff slipped upon the floor of said dressing room and fell with great force and violence, causing her serious, permanent, painful and lasting injuries, to-wit:" (Her injuries were alleged.)

4. "Plaintiff further states that her fall and resulting injuries were caused by reason of the direct carelessness and negligence of the defendants, their agents, servants and employees, at all of the times herein mentioned acting within the scope of his or her employment, in the furtherance of the business of said defendants, and for and in their behalf, in the following particulars, to-wit:

"A. That said defendants, shortly prior to September 26, 1951,

the exact date plaintiff does not know and for that reason does not state the same herein, caused or permitted the floor of said dressing room to be covered with a heavy oily and slippery substance, the exact nature thereof plaintiff does not know and for that reason does not state the same herein, and that as the result thereof, said floor became very slick and slippery which said condition existed at the time plaintiff slipped and fell. That immediately prior to the time plaintiff fell on said floor, said defendants knew of the slippery condition thereof in time, by the exercise of reasonable care and caution, to have removed said oily substance, or to have cleaned said floor and treated same for said slick and slippery condition, so as to have prevented plaintiff from falling thereon, all of which said defendants carelessly and negligently failed and neglected to do. That said defendants failed and neglected to warn plaintiff of the slick and slippery condition of said floor.

"B. That said defendants, their agent, servant and employee, said nurse above described, knowing of plaintiff's physical condition and that plaintiff was using a cane upon her arrival at said office, and knowing, or said defendants should have known, that plaintiff would require either the use of said cane or physical assistance in moving about in and from said dressing room, carelessly and negligently removed said cane from its original position within arm's length of plaintiff and placed the same in a position outside of plaintiff's reach and having done so failed and neglected to provide plaintiff with physical assistance in proceeding from said dressing room to the x-ray room.

"That by reason of the above and foregoing, plaintiff has been injured and damaged in the sum," stating a sum for which judgment was prayed.

The demurrer reads: "Defendants demur to the amended petition of the plaintiff for the reason that it does not state facts sufficient to constitute a cause of action against the defendant and particularly because:

"A. There is no allegation of any breach of any duty owing from this defendant to the plaintiff and hence no allegation of negligence of this defendant.

"B. The amended petition shows that the negligence of the plaintiff was the cause of any injuries she may have sustained or such negligence directly contributed to any such injuries as a legal cause thereof.

"C. The amended petition shows that any negligence of the defendants there may have been was not the proximate cause of any injuries sustained by the plaintiff."

In this court counsel argued the points included as grounds for demurrer with several subdivisions and some overlapping. They first argue that the allegations of the amended petition do not show that there is any negligence of the defendants either in maintaining the floor of the dressing room on which plaintiff fell or in failing to warn plaintiff before that it had been oiled or in failing to assist plaintiff from the dressing room to the x-ray room. They cite *Walker v. S. H. Kress & Co.*, 147 Kan. 48, 75 P. 2d 820, the first syllabus of which reads: "A storekeeper is not an insurer of the safety of his customers and it is not negligence *per se* to oil a floor." This is an excellent statement of a basic rule of law but it does not preclude liability under all circumstances as shown by the opinion cited. In that case the customer went into a store, fell, and sustained personal injuries upon a recently oiled, slippery place on the floor. There had been a jury trial at which the jury had failed to agree. Defendants had demurred to plaintiff's evidence which the trial court had overruled and on the appeal this court affirmed. Paragraph 3 of the syllabus reads: "Where a floor in a store was shown to have been freshly or heavily oiled and to have been very slick when a woman who wore low-heeled shoes and while walking in an ordinary manner slipped and fell on the floor, making marks thereon three-fourths of an inch wide and from eighteen inches to two feet in length, and struck the floor not only with her shoulders but also with her head, it was not error to overrule a demurrer to her evidence because she had not shown in what particular details the storekeeper or its general manager had failed to exercise due care in oiling the floor."

There is much more in the opinion to sustain the ruling of the trial court. The case is not particularly helpful to the above appellants.

Counsel for appellants argue that the amended petition contains no allegation that the floor on which plaintiff fell was unsafe or in a dangerous condition for use. While those particular words were not used we think subparagraph A of paragraph four of the petition state facts clearly shown that the floor of the dressing room was unsafe and in a dangerous condition. It is alleged that floor was covered with "a heavy oily and slippery substance" as a result of

which "floor became very slick and slippery." If the evidence sustained those allegations we think the court and jury would have had no difficulty concluding that the condition of the floor was dangerous.

Counsel for appellant further argue that under the allegations of the petition plaintiff safely traversed the alleged slippery floor to the place where she was seated on a stool in the dressing room. As we read the petition it says nothing about the condition of the floor in the entrance room of the office.

It is argued that any injury plaintiff may have sustained was the result of her own negligence. Contributory negligence ordinarily is a defense. It is only when the petition states facts from which it is clear that the plaintiff was guilty of contributory negligence that this court is justified in sustaining a demurrer to the petition. We think this petition does not clearly show contributory negligence of the plaintiff. The arguments made on that point here would be more properly made to a jury.

Counsel also argue that when plaintiff undertook to take the few steps without her cane she assumed the risk of falling and that, therefore, defendant is not liable. We think this is a proper question for the triers of fact. We note that the petition alleges that she fell when she started to arise from the stool on which she was sitting. Details of those circumstances no doubt would be brought out in the trial. Plaintiff is not required to plead all the evidence. If the petition thoroughly apprises defendant of the claims of the plaintiff it is sufficient. We think this one does.

Under the authority of *Headington v. Central Building Co.*, 137 Kan. 350, 20 P. 2d 816, we think it cannot be said plaintiff's petition failed to show actionable negligence on the part of the defendants. We also think the petition does not show that plaintiff was guilty of contributory negligence which would bar her recovery. We have examined all of the authorities cited on behalf of the appellants and find it unnecessary to analyze them more in detail. The judgment of the trial court is affirmed.