CARL R. HASTINGS, Plaintiff in Error, v. DR. MAX
HUGHES, Defendant in Error.—438 S.W.2d 349

Western Section. April 19, 1968.

Rehearing Denied August 19, 1968.

Certiorari Denied by Supreme Court November 18, 1968.

Hearn W. Tidwell, Memphis, for plaintiff in error.

Nelson, Norvell, Wilson, McRee, Ivy & Farmer, Memphis, for defendant in error.

BEJACH, J. In this cause, Carl R. Hastings, who was plaintiff in the lower court, appeals in error from a judgment of the Circuit Court of Shelby County based on a peremptory instruction by Hon. William W. O'Hearn of Division VIII of that Court, granted at the conclusion of all the proof. The defendant, Dr. Max Hughes also appeals in error because of failure or refusal of the trial judge to grant his motion for a directed verdict at the conclusion of the plaintiff's proof. The Poor Sisters of St. Francis Seraph of Perpetual Adoration, Inc., a corporation, d/b/a St. Joseph Hospital, was

originally a defendant in the lower court along with Dr. Max Hughes, but a nonsuit was taken as to it, and it is no longer involved in this cause. In this opinion, the parties will be referred to, as in the lower court, as plaintiff and defendant, or called by their respective names.

Dr. Hughes is an anesthesiologist.

Plaintiff, Carl R. Hastings, was admitted to St. Joseph Hospital on the afternoon of October 25, 1965, on advice and recommendation of his physician, Dr. Peter B. Wallace, a neurosurgeon, for an operation known as an exploratory lumbar laminectomy which was performed by Dr. Wallace on the afternoon of October 26, 1965, with Dr. Max Hughes acting as anesthesiologist. In administering the anesthesia, Dr. Hughes inserted a plastic airway into Mr. Hastings' throat, on which he broke off one tooth and injured another while unconscious and under the anesthesia. Plaintiff did not know Dr. Hughes before entering the operating room, and plaintiff's mouth was not examined by Dr. Hughes until after he had administered sodium pentothal which rendered plaintiff completely unconscious. Dr. Hughes admitted, on cross examination, that the usual and customary practice of an anesthesiologist was to examine the inside of the mouth of a patient before inserting any type of tube or other instrument therein. The defendant's expert witness, Dr. William E. Sheffield, also an M. D., and a specialist in anesthesiology, testified that it is a routine and customary procedure for an anesthesiologist to examine the mouth of his patient before an operation, and to see that there are no dentures, bridgework, capped teeth, or other dental work which could be damaged or destroyed during the anesthesia. Dr. Sheffield testified that he had, on two

occasions, had patients to break out teeth during anesthesia, but that in both of these cases he had examined the mouth of the patient prior to administering anesthesia, and had noticed loose teeth, after which he warned the patient of possible danger. Dr. Sheffield testified that it was the duty of an anesthesiologist to examine the mouth of every patient before administering anesthesia, and that it was the anesthesiologist's duty to remove any bridgework, partial, or plate, that the patient might have in his mouth.

At the conclusion of the plaintiff's proof, defendant, Dr. Hughes, moved for a directed verdict, but the learned trial judge overruled the motion, on the ground that plaintiff had made out a case under the doctrine of res ipsa loquitur, and that the burden had shifted to the defendant to proceed with the proof, for the purpose of rebutting the presumption of negligence. The defendant then testified in his own behalf, and offered the testimony of Dr. Sheffield. The defendant testified that he would not have known that the plaintiff's tooth which was broken off while plaintiff was coming out of the anesthesia, was a capped tooth, even if he had examined his mouth prior to administering the anesthesia. By way of rebuttal, plaintiff opened his mouth and showed the jury that the replaced capped tooth had a porcelain front with a gold back, as did the one which had broken off, and he now insists that this should have been observed by Dr. Hughes if he had made proper examination before administering anesthesia.

At the conclusion of all the proof, notwithstanding this rebuttal, and notwithstanding discrepancies in the testimony of Dr. Sheffield and that of Dr. Hughes, himself, the learned trial judge granted defendant's motion for a

directed verdict, and entered judgment dismissing plaintiff's lawsuit.

Both plaintiff and defendant filed motions for new trial, plaintiff on the ground that the court should not have granted a peremptory instruction to the jury at the conclusion of all the proof, and defendant, on the ground that the court should have granted such motion at the conclusion of plaintiff's proof. Both plaintiff and defendant have perfected appeals in error to the Court of Appeals. We will first dispose of defendant's appeal, and then that of plaintiff.

Defendant, as appellant, has filed only one assignment of error, which is:

"The trial court erred in failing to grant the appellant's motion for directed verdict in his favor at the conclusion of the plaintiff's proof."

This assignment of error is, in our opinion without merit. The law is settled in Tennessee that if a motion for peremptory instruction is overruled at the end of plaintiff's proof, and the defendant introduces testimony, he thereby waives any exception which he may have noted to the action of the Court in overruling the motion for directed verdict at the end of plaintiff's proof. Nashville Ry. & Light Co. v. Henderson, 118 Tenn. 284, 99 S.W. 700; John Gerber Co. v. Smith, 150 Tenn. 255, 263 S.W. 974; Chicago, M. & G. R. Co. v. Wheeler, 1 Tenn. App. 100, and numerous other cases.

In Nashville Railway & Light Co. v. Henderson, Chief Justice Beard, speaking for the Supreme Court of Tennessee, quoted with approval from the Supreme Court of the United States, as follows:

"A defendant has an undoubted right to stand upon his motion for a nonsuit, and have his writ of error if it be refused; but he has no right to insist upon his exception after having subsequently put in his testimony and made his case upon the merits, since the court and jury have the right to consider the whole case as made by the testimony. It not infrequently happens that the defendant himself by his own evidence supplies the missing link, and, if not, he may move to take the case from the jury upon the conclusion of the entire testimony." Railway & Light Co. v. Henderson, 118 Tenn. 286, 99 S.W. 700.

In our opinion, that, in substance, is what has happened in the instant case. Dr. Hughes by offering testimony after the trial judge overruled his motion for a directed verdict at the conclusion of the plaintiff's testimony, not only waived the alleged error of the trial judge in overruling his motion for a directed verdict at the conclusion of plaintiff's proof, but, in addition, put into the record evidence from which the jury might have found him guilty of specific acts of negligence.

Defendant's assignment of error is overruled.

Plaintiff, as appellant, has filed four assignments of error, but these four assignments of error merely set out four separate reasons why the trial judge erred in granting the motion for a directed verdict at the conclusion of all the proof, and really amount to only one assignment of error, which is that the trial judge erred in granting the defendant's motion for a peremptory instruction made at the conclusion of all the proof.

One of the plaintiff's upper front teeth, a capped tooth which had a porcelain front with a gold back, had been

broken off, and another tooth had been injured while Mr. Hastings was coming out of the anesthesia. This happened when Mr. Hastings clamped down on the airway which had been placed in his throat by Dr. Hughes. At the conclusion of plaintiff's proof, the trial judge had ruled that the doctrine of res ipsa loquitur was sufficient to require defendant to offer proof. This the defendant did. Counsel for plaintiff now contends that even if the trial judge was in error in overruling defendant's motion for a directed verdict at the conclusion of plaintiff's proof, which he denies, defendant, by admitting that he had followed procedures different from those testified to by Dr. Sheffield as standard practice, he, the defendant, had opened up issues to be submitted to the jury. In particular, defendant admitted that he had made only a cursory examination of plaintiff's mouth and after he had already placed plaintiff in an unconscious condition, whereas his expert witness, Dr. Sheffield testified that it was the responsibility and duty of the anesthesiologist not only to inspect, but to examine the mouth of the patient prior to sedating the patient, or before the patient went into the operating room. In resolving this against plaintiff, at the time of granting defendant's motion for a directed verdict, the learned trial judge said:

"The parties filed a declaration when they started their law suit and the plaintiff avers upon his admission to the St. Joseph Hospital and upon his entering the operating room of said institution, that all of his teeth were sound and intact, and then goes on to say in his testimony from the stand here, and in the cases in Tennessee by appellate courts have held that a doctor is not liable for mistake of judgment or something of that nature. He is just liable for negligence, and

the only issue it seemed to the Court that was an issue was whether or not Dr. Hughes was negligent in not examining Mr. Hastings' teeth before he went to sleep instead of after, but under the proof, and under the declaration he would have found sound teeth, anyway, may have been gold, but not in the proof and declaration the plaintiff filed. The teeth would have been as good as anybody else's or there was no more danger to Mr. Hastings than there was to anybody else under these circumstances if the teeth were sound.

All the remainder of the proof is to the effect that the procedures of Dr. Hughes measured up to the standards of practice generally exercised in this community and the Court doesn't feel that as a matter of law there is any issue of fact to submit to the Jury in this case, so the Court is directing a verdict in favor of the defendant, Dr. Hughes, in this instance.''

██ We cannot agree with the learned trial judge, and especially so in view of the fact that plaintiff opened his mouth and showed his teeth to the jury for the purpose of indicating that the broken tooth was a capped one which the defendant should have observed if he had made a proper examination, in which case, defendant should have warned plaintiff of the danger of losing the tooth or should have taken precautions to avoid the loss of it. We think this should have been decided by the jury and not by the judge. We cannot agree with the judge that all reasonable men should agree with his ruling. We think that if the trial judge had viewed the evidence with the strongest legitimate view in favor of plaintiff, as he was obligated to do, he would and should have overruled the motion for a directed verdict and permitted the jury

to decide the case. Citation of authorities to that effect is unnecessary.

We therefore conclude that plaintiff's assignments of error must be sustained, and this cause remanded to the Circuit Court of Shelby County for a new trial.

The costs of the appeal will be adjudged against plaintiff, Carl R. Hastings. The costs of the lower court, both past and future, may await the judgment of that court.

Avery, P. J. (W.S.), and Carney, J., concur.

## On Rehearing.

### BEJACH, J.

This cause was disposed of April 19, 1968, at which time it was reversed and remanded for a new trial in the Circuit Court of Shelby County, Tennessee.

Counsel for defendant, Dr. Max Hughes, the defendant in error on the appeal, has filed a petition to rehear. Evidently, however, counsel for petitioner have misconceived the purposes and objects of a petition to rehear, as provided for in Rule 32 of the Revised Rules of this Court. No new argument is brought out in his petition to rehear, nor is it even suggested therein that this Court overlooked any material fact in its original opinion. The petition filed is merely a reargument of the case as heretofore presented in the brief of counsel and argument in open court, except that said petition, in effect, asks for an advisory opinion, by way of declaratory judgment, as to whether the defendant, Dr. Hughes, should, on retrial of the case, rest at the conclusion of plaintiff's proof or offer proof in his own behalf as he

did on the former trial. This, in our opinion, is not a proper function of a petition to rehear.

The petition to rehear is denied.

Carney, P. J. (W.S.), and Avery, J., concur.